**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SUVERINO FRITH, SAVANNAH KINZER, CEDRICK JUAREZ, FAITH WALSH, MACKENZIE SHANAHAN, COREY SAMUEL, ABDULAI BARRY, LINDSAY VUONG, SAMANTHA BERIMBAU, CAMILLE TUCKER-TOLBERT, ANA BELÉN DEL RIO-RAMIREZ, LYLAH STYLES, KAYLA GREENE, and SHARIE ROBINSON, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET, INC.<br><br>        Defendant | Case No. _____ |

**CLASS ACTION COMPLAINT REQUESTING**
**PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

1.      Due to the onset of the global coronavirus pandemic, grocery workers (like many other workers around the country) are now required to wear masks to work. Following the death of George Floyd and demonstrations this spring around the country protesting police violence and other discrimination against Blacks, more people have been showing their support for the Black Lives Matter movement.  Recently, in a show of solidarity, Whole Foods employees in a number of stores around the country began wearing masks with the message Black Lives Matter.  They did this to protest racism and police violence against Blacks and to show support for Black employees.

2.      Although Whole Foods and its parent company Amazon have professed to support the Black Lives Matter movement, Whole Foods began disciplining employees for wearing these masks.  Although Whole Foods had not previously strictly enforced its

1

dress code policy (and had not disciplined employees for wearing other messages, including political messages), the company began sending employees home without pay for wearing Black Lives Matters masks. Whole Foods has threatened employees with termination if they continue wearing the masks. In some locations, employees have been given disciplinary "points" when they are sent home for wearing the mask, which put them at risk for termination. One of the lead organizers, Plaintiff Savannah Kinzer, was terminated on Saturday, July 18, 2020, because of the discipline she received for wearing a Black Lives Matter mask and for her involvement and leadership in organizing her co-workers to wear the masks and protesting Whole Foods' discipline of employees for doing so.

3.      The above-named plaintiffs now bring this Complaint on behalf of themselves and other similarly situated employees who have worked for Defendant Whole Foods Market, Inc. ("Whole Foods"), alleging that Whole Foods has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, by discriminating against Black employees and other employees for showing support for Black employees and protesting racism in the workplace by wearing Black Lives Matter masks. Whole Foods has further retaliated against employees for protesting racism in the workplace and protesting Whole Foods' failure to allow employees to wear Black Lives Matter masks at work.

4.      Whole Foods' selective enforcement of its dress code in disciplining employees who wear apparel expressing support for the Black Lives Matter movement constitutes unlawful discrimination on the basis of race and on the basis of employees' affiliation with and advocacy for Black employees. Whole Foods has further unlawfully

retaliated against its employees in violation of Title VII for their opposition to its unlawful and discriminatory practices.

5.      Plaintiffs bring this claim on behalf of themselves and similarly situated Whole Foods employees across the country who have been subject to Whole Foods' discriminatory and retaliatory policy.  Plaintiffs seek preliminary and permanent injunctive relief, calling for an end to Whole Foods' policy of not allowing employees to wear Black Lives Matter masks at work.  They also seek redress for employees who have been disciplined for wearing Black Lives Matter masks, including expungement of discipline from the records of those employees who have been disciplined, back pay for employees who have been sent home without pay, and reinstatement of Plaintiff Savannah Kinzer who was terminated in retaliation for wearing a Black Lives Matter mask and protesting Whole Foods' discriminatory and retaliatory policy.

## II.    **PARTIES**

6.      Plaintiff Suverino Frith resides in Randolph, Massachusetts, and works for Whole Foods at the River Street location in Cambridge, Massachusetts.

7.      Plaintiff Savannah Kinzer resides in Boston, Massachusetts, and worked for Whole Foods at the River Street location in Cambridge, Massachusetts, until her termination on July 18, 2020.

8.      Plaintiff Cedrick Juarez resides in Boston, Massachusetts, and works for Whole Foods at the River Street location in Cambridge, Massachusetts.

9.      Plaintiff Faith Walsh resides in Boston, Massachusetts, and works for Whole Foods at the River Street location in Cambridge, Massachusetts.

10.     Plaintiff Mackenzie Shanahan resides in Cambridge, Massachusetts, and works for Whole Foods at the River Street location in Cambridge, Massachusetts.

11.     Plaintiff Corey Samuel resides in Dorchester, Massachusetts, and works for Whole foods at the River Street location in Cambridge, Massachusetts.

12.     Plaintiff Abdulai Barry resides in Cambridge, Massachusetts, and works for Whole Foods at the Alewife Parkway (Fresh Pond) location in Cambridge, Massachusetts.

13.     Plaintiff Lindsay Vuong resides in Belmont, Massachusetts, and works for Whole Foods at the Alewife Parkway (Fresh Pond) location in Cambridge, Massachusetts.

14.     Plaintiff Samantha Berimbau resides in Melrose, Massachusetts, and works for Whole Foods at the Alewife Parkway (Fresh Pond) location in Cambridge, Massachusetts.

15.     Plaintiff Camille Tucker-Tolbert resides in Federal Way, Washington, and worked for Whole Foods at the Westlake Avenue in Seattle, Washington.

16.     Plaintiff Ana Belén Del Rio-Ramirez resides in Oakland, California, and worked for Whole Foods at the Telegraph Avenue location in Berkeley, California.

17.     Plaintiff Lylah Styles resides in Manchester, New Hampshire, and works for Whole Foods at the Orchard Street location in Bedford, New Hampshire.

18.     Plaintiff Kayla Greene resides in Manchester, New Hampshire, and works for Whole Foods at the Orchard Street location in Bedford, New Hampshire.

19.     Plaintiff Sharie Robinson resides in Manchester, New Hampshire, and works for Whole Foods at the Orchard Street location in Bedford, New Hampshire.

20.     Plaintiffs brings these claims on behalf of themselves and similarly situated Whole Foods employees across the country who have been subjected to Whole Foods' discriminatory and retaliatory policy of not allowing employees to wear Black Lives Matter masks at work.

21.     Defendant Whole Foods Market, Inc. is a corporation headquartered in Austin, Texas.  Whole Foods operates hundreds of grocery stores throughout the United State.  Whole Foods is owned by parent corporation Amazon.com, Inc., a corporation headquartered in Seattle, Washington.

## III.    JURISDICTION AND VENUE

22.     This Court has general federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case arises under federal law, namely, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

23.     The District of Massachusetts is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim took place in Massachusetts.

## IV.    STATEMENT OF FACTS

24.     In recent weeks, Plaintiffs and other Whole Foods employees across the country have been subject to unlawful discrimination and retaliation by Whole Foods through its selective enforcement of its dress code policy.

25.     Specifically, Whole Foods has prohibited its employees from wearing masks and other apparel and accessories with the message Black Lives Matter.

26.     Across its stores, Whole Foods maintains a dress code policy which nominally prohibits employees from wearing clothing with visible slogans, messages, logos, or advertising that are not company-related.

27.     Until recently, however, this policy was generally unenforced.

28.     For example, Whole Foods employees have worn apparel bearing various logos, such as those of local sports teams, as well as apparel with other messages and slogans, including political messages, without facing discipline.  Employees have commonly worn Pride flags in support of their LGBTQ+ coworkers without being disciplined by Whole Foods.  Employees have not been sent home or received discipline for wearing Pride pins or apparel.

29.     When employees have violated the dress code policy, in the past, it has either been ignored, or sometimes management has informed employees about it but without sending them home or imposing other discipline.

30.     Due to the onset of the global coronavirus pandemic, grocery workers (like many other workers across the country) are now required to wear masks to work.

31.     Whole Foods employees began wearing masks emblazoned with different images or slogans.  For example, at the Bedford, New Hampshire, Whole Foods location, one employee was allowed to wear a SpongeBob mask without any repercussions.  At the Seattle, Washington, location, another Whole Foods employee wore a mask with images and names of vegetables, without being disciplined.  At the Berkeley, California location, employees have been allowed to wear masks with prints.

32.   Following the death of George Floyd and demonstrations this spring around the country protesting police violence and other discrimination against Blacks, more people have been showing their support for the Black Lives Matter movement.

33.   Around June 2020, many Black Whole Foods employees and their non-Black coworkers began wearing masks with the message Black Lives Matter.

34.   Plaintiffs and other Whole Foods employees expected Whole Foods would support their decision to wear these masks because Whole Foods has expressed support for inclusivity and equality and because it previously allowed its employees to express support for their LGBTQ+ coworkers through their apparel without discipline.

35.   Following the death of George Floyd and nationwide protests against police violence and racism against Blacks, Whole Foods stated on its website: "Racism has no place here."  The text is in a large banner with the caption: "Racism and discrimination of any kind have no place at Whole Foods Market. We support the black community and meaningful change in the world."

36.   Whole Foods parent company Amazon ran a "Black Lives Matter" banner on its website and CEO Jeff Bezos defended the statement.

37.   Nonetheless, although Whole Foods had not previously done so, Whole Foods began strictly enforcing its dress code policy once its employees started wearing Black Lives Matter masks and other Black Lives Matter apparel, such as pins or sneakers.  Whole Foods began subjecting Plaintiffs and other employees to discipline if they refused to remove their Black Lives Matter masks.

38.   For example, at the River Street location in Cambridge, Massachusetts, Whole Foods has been sending home employees (including Plaintiffs Frith, Kinzer,

Juarez, Walsh, Shanahan, and Samuel) who show up to work wearing a Black Lives Matter mask.[1]  The employees receive no pay for reporting to work and are given disciplinary "points" and sent home for wearing the mask.  These points are part of a progressive discipline policy, and employees are subject to termination once they accumulate a certain amount of points.

39.    Likewise, at the Fresh Pond location in Cambridge, Massachusetts, Whole Foods has also sent employees home without pay for refusing to remove their Black Lives Matter masks (including Plaintiffs Barry, Vuong, and Berimbau).

40.    In Seattle, Washington, Whole Foods has been writing its employees up for wearing the Black Lives Matter mask.  The employees have also been placed on a "corrective action pathway," that requires employees to re-train.[2]  Plaintiff Tucker-Talbot was placed on a corrective action pathway and was sent home on two occasions for wearing her Black Lives Matter mask.  She recently left the position due to feeling unwelcome in the workplace after having been disciplined for wearing her Black Lives Matter mask.  Despite giving two weeks notice of her resignation, she was told to leave immediately.

41.    In Berkeley, California, Whole Foods has sent employees home for wearing Black Lives Matter masks and pins, including Plaintiff Del-Rio Ramirez.  She

---

[1]      Katie Johnston, *Whole Foods workers sent home for wearing Black Lives Matter masks*, Boston Globe (June 25, 2020), https://www.bostonglobe.com/2020/06/25/business/whole-foods-workers-sent-home-wearing-black-lives-matter-masks/.

[2]      Irina Ivanova, *Whole Foods Workers Protest for Right to Wear 'Black Lives Matter' Masks*, CBS News (June 28, 2020), https://www.cbsnews.com/news/black-lives-matter-whole-foods-workers-protest-masks/.

likewise left the position due to feeling unwelcome in the workplace after having been disciplined for wearing her Black Lives Matter pin.

42.    In Bedford, New Hampshire, Whole Foods has also been assigning employees a disciplinary "point" for wearing the Black Lives Matter mask and sending workers home without pay if they refuse to take off the mask.[3]  Plaintiffs Styles and Greene have both been sent home without pay and subject to discipline for wearing Black Lives Matter masks. After witnessing the discipline, Plaintiff Robinson stopped wearing her mask because she could not afford to be sent home or risk termination.

43.    It is widely reported that Whole Foods employees at other locations as well, such as in Philadelphia, Pennsylvania; Wilmington, North Carolina; Michigan; and Milford, Connecticut, have also been subjected to similar discipline for wearing the Black Lives Matter masks or other apparel (or Black Lives Matters statements of support) to work.[4]

---

[3]    Melanie Tynn, *2 NH Whole Foods Employees Sent Home for Wearing Black Lives Matter Masks: Report*, NECN (June 15, 2020). https://www.necn.com/news/local/new-hampshire/two-nh-whole-foods-employees-sent-home-for-wearing-black-lives-matter-masks-report/2286102/.

[4]    *See, e.g.*, Allison Steele, *Whole Foods Employees Demanding the Right to Wear Black Lives Matter Apparel at Work*, The Philadelphia Inquirer (June 21, 2020). https://www.inquirer.com/news/whole-foods-black-lives-matter-protest-employees-masks-starbucks-20200621.html (reporting that several employees at the South Street location in Philadelphia, PA, had been sent home for wearing Black Lives Matter masks); Zach Murdock, *Milford Whole Foods Employees Join Nationwide Protests to Allow Staff to Wear Black Lives Matter Items*, Hartford Courant, July 7, 2020, https://www.courant.com/breaking-news/hc-br-milford-whole-foods-black-lives-matter-20200707-2o7maelsnvdbrkdn63xx4657mq-story.html (reporting that several employees were sent home for wearing shirts with the statement "Racism has no place here"); Kate Taylor & Hayley Peterson, *Workers Speak Out Against Black Lives Matter Face Mask Bans, as Companies Like Starbucks, Taco Bell, and Whole Foods Grapple with Viral Backlash*, Business Insider, July 12, 2020, https://www.msn.com/en-us/money/companies/workers-speak-out-against-black-lives-matter-face-mask-bans-as-

44.     Whole Foods has made a corporate decision not to allow its employees to wear the Black Lives Matter masks.  Employees at the River Street location in Cambridge, Massachusetts, were told by their managers that store-level management had no discretion over the decision.  Management likewise told employees at the Berkeley, California, location that the decision came from above and was out of their hands.

45.     Indeed, a Whole Foods Market spokesperson has confirmed that Whole Foods employees are being prohibited from wearing Black Lives Matter masks and apparel across locations.[5]

46.     Whole Foods' policy of not allowing its employees to wear Black Lives Matter masks is discriminatory, both against Black employees who are participating in and leading the employee protest, and against other employees who are associating with and advocating for Black Whole Foods employees and protesting racism and discrimination in the workplace, by wearing the masks and showing support for their Black co-workers.

47.     Further, as the protest has proceeded over the last weeks, employees are wearing the masks in order to challenge what they perceive to be racism and discrimination by Whole Foods for not allowing employees to wear the Black Lives

companies-like-starbucks-taco-bell-and-whole-foods-grapple-with-viral-backlash/ar-BB16DWsc (reporting that Whole Foods employees at stores in Michigan, Connecticut, and North Carolina had worn Black Lives Matter gear to work and were told by management to either remove it or go home).

[5]     *See* Nicole Karlis, *Whole Foods is Quietly Telling Workers Not to Show Black Lives Matter Support at Work*, June 27, 2020, https://www.salon.com/2020/06/27/whole-foods-is-quietly-telling-workers-not-to-show-black-lives-matter-support-at-work/.

Matter masks.  Whole Foods' discipline of these employees constitutes retaliation against the employees for engaging in protected activity, namely opposing discrimination and racism in the workplace.

48.     This retaliation has deterred many Whole Foods employees from supporting the protest and wearing Black Lives Matter masks at work.  For example, Plaintiff Sherie Robinson's daughter was disciplined for wearing a mask, and so Ms. Robinson, who wants to wear one, has refrained from continuing to do so because she is afraid of losing her job or being sent home without pay.

49.     Whole Foods has forced Plaintiffs and other Whole Foods employees to remove their Black Lives Matter masks and has disciplined, refused to pay, and has sent home, and continues to discipline, deny pay, and send home employees, in response to their wearing the Black Lives Matter masks on their shifts.

50.     Plaintiffs and other Whole Foods employees believe that the decision by Whole Foods to selectively enforce its dress code policy in order to ban Black Lives Matter masks is discriminatory and unlawful because Whole Foods has not strictly enforced the dress code policy before and did not discipline employees for wearing apparel with other political messages, including apparel similarly supportive of their LGBTQ+ coworkers.

51.     Whole Foods has retaliated and continues to retaliate against Plaintiffs and other employees for their ongoing opposition to the discriminatory and retaliatory policy by subjecting them to discipline for their protected activity in opposing what they reasonably believe are discriminatory and retaliatory policies.

52.    On July 18, 2020, Plaintiff Savannah Kinzer, who has been a leader in organizing employees to wear the Black Lives Matter masks (and has led a number of protests outside Whole Foods stores, challenging the company's policy of not allowing employees to wear the masks), was fired.  She was terminated due to her accumulation of disciplinary points, most of which she received as a result of wearing the Black Lives Matter mask.  She was also terminated in retaliation for being a leader in organizing the employees to wear the masks and protesting the company's policy of disciplining employees for wearing the masks.

53.    Just prior to being terminated, Ms. Kinzer informed management that she was legally challenging Whole Foods for its discriminatory and retaliatory policy and that she had filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission and a charge of unfair labor practices with the National Labor Relations Board.  She provided a manager with a copy of the filed charges.  She was fired about an hour later and escorted out of the store.

## V.    CLASS ACTION ALLEGATIONS

54.    Plaintiffs bring this case as a class action on behalf of all Whole Foods employees who have been subject to Whole Foods' policy of not allowing employees to wear Black Lives Matter masks, including employees who have been disciplined or subject to adverse employment action for wearing the masks or for opposing Whole Foods' practice of disciplining employees for wearing Black Lives Matter masks.

55.    This class will meet the prerequisites of Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(2) and 23(b)(3) specifically, in that:

a. The class is so numerous that joining all members is impracticable. The exact number of the members of the class is unknown, but Whole Foods employees across the country have been prohibited from wearing Black Lives Matter masks and other related apparel at work.  In addition, well more than forty (40) Whole Foods employees have been disciplined for wearing Black Lives Matter masks and opposing Whole Foods' practice of disciplining employees for wearing Black Live Matter masks.  As a result, joinder of all of these individuals is impracticable.

b. There are questions of fact and law common to all of these potential class members, because all of these individuals have been subject to Whole Foods' policy of not allowing employees to wear Black Lives Matter masks.

c. The claims of the named plaintiffs are typical of the claims of employees across the country who have been subject to Whole Foods' policy of not allowing employees to wear Black Lives Matter masks and who have been disciplined for wearing the masks.

d. Plaintiffs and their counsel will fairly and adequately represent the interests of each class. The named plaintiffs have no interests adverse to or in conflict with the class members whom they propose to represent. Plaintiffs' counsel are well qualified to litigate this case, as they have been recognized as leading counsel nationally for representing the rights of employees in class action and other employment litigation across the nation.

e.  The questions of law or fact common to all members of each class predominate over any questions affecting only individual members. The common questions include, among other things, whether Whole Foods' policy of prohibiting employees from wearing Black Lives Matter masks and disciplining employees who do so is discriminatory and retaliatory.

f.  Litigating these claims as a class action is superior to other available methods for the fair and efficient adjudication of these claims. Among other things, individual adjudications would result in a highly inefficient duplication of discovery, legal briefing, court proceedings, and the risk of inconsistent legal rulings.  Further, the alternative to a class action may be no redress for the rights of many Whole Foods employees across the country who would not litigate these claims individually.

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

56.  Plaintiffs Frith, Kinzer, Del-Rio Ramirez, and Tucker-Tolbert timely filed Class Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") prior to filing this complaint.  Based on the urgent circumstances, Plaintiffs are filing this lawsuit in court so that they may seek emergency preliminary injunctive relief prior to receiving "right to sue" letters from the EEOC.

## COUNT I

## RACE DISCRIMINATION
### in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2

Plaintiffs re-allege and incorporate the above paragraphs by reference as if fully set forth herein.  The conduct of Whole Foods in selectively enforcing its dress code policy to ban employees from wearing Black Lives Matter masks and related apparel constitutes unlawful discrimination based on race, because the policy has both adversely affected Black employees and it has singled out for disfavored treatment advocacy and expression of support for Black employees, by both Black employees and their non-Black coworkers who have associated with them and shown support for them through wearing, or attempting to wear, the Black Lives Matter masks at work.  This claim is brought on behalf of a class of Whole Foods employees across the country who have been affected by Whole Foods' policy challenged here.

## COUNT II

## RETALIATION
### in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3

Plaintiffs re-allege and incorporate the above paragraphs by reference as if fully set forth herein.  Whole Foods' discipline of its employees for opposing its discriminatory policy in not allowing employees to wear Black Lives Matter masks at work constitutes unlawful retaliation in violation of Title VII, 42 U.S.C. § 2000e-3.  This claim is brought on behalf of a class of Whole Foods employees across the country who have been affected by Whole Foods' policy challenged here.

15

## JURY DEMAND

Plaintiffs request a trial by jury on all claims.


WHEREFORE, Plaintiffs request that this Court enter the following relief:


1.      Find and declare that Whole Foods' policy of not allowing employees to wear Black Lives Matter masks and related apparel at work, and disciplining employees who challenge the policy, constitutes discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*;

2.      Issue an injunction, immediately enjoining Whole Foods from terminating or otherwise continuing to discipline employees for wearing Black Lives Matter masks or related apparel during their shifts; and ordering that Whole Foods expunge any discipline accumulated by employees for wearing Black Lives Matter masks or related apparel;

3.      Certify a class action pursuant to Fed. R. Civ. P. 23(b)(2) and Fed. R. Civ. P. 23(b)(3) and appoint Plaintiffs as class representatives and their counsel as class counsel;

4.      Award compensatory damages, including back pay, for employees who have been sent home from work without pay, due to Whole Foods' unlawful policy;

5.      Reinstate Plaintiff Savannah Kinzer, who was fired in retaliation for wearing a Black Lives Matter mask, opposing racism in the workplace, and organizing her coworkers to wear the masks and protest Whole Foods' discriminatory and retaliatory policy;

5.      Award any other damages that may be appropriate, including damages for emotional distress and punitive damages, including for employees who have been constructively discharged from their positions, based upon Whole Foods' discriminatory and retaliatory policy;

6.      Award all costs and attorneys' fees incurred prosecuting this action;

7.      Award interest;

8.      Any other relief to which Plaintiffs and class members may be entitled.

16

Dated: July 20, 2020

Respectfully submitted,

SUVERINO FRITH, SAVANNAH KINZER, CEDRICK JUAREZ, FAITH WALSH, MACKENZIE SHANAHAN, COREY SAMUEL, ABDULAI BARRY, LINDSAY VUONG, SAMANTHA BERIMBAU, CAMILLE TUCKER-TOLBERT, ANA BELÉN DEL RIO-RAMIREZ, LYLAH STYLES, KAYLA GREENE, and SHARIE ROBINSON, individually and on behalf of all others similarly situated,

By their attorneys,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan, BBO #640716
Anastasia Doherty, BBO #705288
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com, adoherty@llrlaw.com