# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUVERINO FRITH, SAVANNAH KINZER, CEDRICK JUAREZ, FAITH WALSH, MACKENZIE SHANAHAN, COREY SAMUEL, JENNIFER OSAYANDE, BRITNEY IFEBOHR, KANAYA RYLAND, KIRBY BURT, LEAVER MICHEL, ABDULAI BARRY, LINDSAY VUONG, SAMANTHA BERIMBAU, SUEPRIYA ADHI, ALICE TISME, CAMILLE TUCKER-TOLBERT, CHARLES THOMPSON, ANA BELÉN DEL RIO-RAMIREZ, CASSIDY VISCO, LYLAH STYLES, KAYLA GREENE, SHARIE ROBINSON, KELLY RIGLER, JUSTINE O'NEILL, SARITA WILSON, and YURIN LONDON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WHOLE FOODS MARKET, INC. and AMAZON.COM, INC., <br><br> Defendants | Case No. 20-cv-11358-ADB |

## PLAINTIFFS' NOTICE OF WITHDRAWAL OF EMERGENCY MOTION AND REQUEST FOR EXPEDITED DISCOVERY SCHEDULE

In light of the conversation the Court held with counsel at the conference on August 18, 2020, Plaintiffs will withdraw their emergency motion for injunction (Dkt. 3). However, given the current situation -- in which Plaintiffs and other Whole Foods employees are faced with the choice between (1) exercising their rights in the workplace to speak out against racism and against Whole Foods' decision to selectively enforce its dress code so as to discipline employees for opposing what they contend is a discriminatory and retaliatory policy and (2) losing their jobs during a global pandemic –

1

Plaintiffs urge the Court to move this case expeditiously. Assuming the Court denies Whole Foods' motion to dismiss (Dkt. 31) (scheduled to be argued on September 3, 2020), Plaintiffs are prepared to engage in expedited discovery so that dispositive motions (including Plaintiffs' request for a permanent injunction) may be briefed and heard by this Court later this year.

Thus, Plaintiffs respectfully propose that the Court adopt an expedited schedule for this case. Plaintiffs suggest the following:

- Parties to exchange Initial Disclosures, including relevant documents, within **two weeks** of the Court's denial of the motion to dismiss;

- Depositions to proceed upon production of documents and to be completed within **four weeks** of the Court's denial of the motion to dismiss;
    - Defendants may depose named plaintiffs for two hours each, which would enable approximately four Plaintiffs' depositions per day (which could be held simultaneously for up to eight depositions per day);
    - Plaintiffs may depose top level decision makers and store managers at locations where named Plaintiffs have worked;

- Parties may file summary judgment motions within **eight weeks** from the date of the Court's ruling on the motion to dismiss.

Plaintiffs informed Whole Foods last week that they were considering withdrawing their emergency motion and requesting instead an expedited schedule to allow discovery prior to the Court's ruling on their injunction request. Plaintiffs invited Whole Foods to join in this filing to present the parties' proposals regarding a schedule, but Whole Foods declined to submit a joint filing.[1]

---

[1] Plaintiffs' counsel contacted Whole Foods' counsel the day of the conference, August 18, 2020, and they spoke the next day. While Plaintiffs attempted to confer with Whole Foods to see if the parties could agree on a joint schedule, it became clear that

2

Plaintiffs submit that this proposed schedule is reasonable, given that Whole Foods has retained a national law firm with abundant resources and ability to conduct such discovery quickly. And given that Plaintiffs have agreed now to allow Whole Foods to engage in discovery prior to asking the Court to issue an injunction in this case, it would be appropriate for this Court to set the parties on a quick schedule. The issue presented here is one that may well lose its force if this case is not adjudicated promptly, as Whole Foods will have effectively quashed the Plaintiffs' protected activity if this case drags on. Employees who wear the Black Lives Matter masks will either be terminated or deterred from continuing to do so, should there not be a prompt court order adjudicating their rights. If Plaintiffs are correct that Whole Foods cannot discipline them for engaging in this activity, Whole Foods should not be permitted to prevail effectively in this action based on the simple passage of time.

---

the parties would not agree, and Plaintiffs' counsel learned today that Whole Foods would not join in this filing, even to set forth separate proposals.

Dated: August 25, 2020

Respectfully submitted,

SUVERINO FRITH, SAVANNAH KINZER, CEDRICK JUAREZ, FAITH WALSH, MACKENZIE SHANAHAN, COREY SAMUEL, JENNIFER OSAYANDE, BRITNEY IFEBOHR, KANAYA RYLAND, KIRBY BURT, LEAVER MICHEL, ABDULAI BARRY, LINDSAY VUONG, SAMANTHA BERIMBAU, SUEPRIYA ADHI, ALICE TISME, CAMILLE TUCKER-TOLBERT, CHARLES THOMPSON, ANA BELÉN DEL RIO-RAMIREZ, CASSIDY VISCO, LYLAH STYLES, KAYLA GREENE, SHARIE ROBINSON, KELLY RIGLER, JUSTINE O'NEILL, SARITA WILSON, and YURIN LONDON, individually and on behalf of all others similarly situated,

By their attorneys,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan, BBO #640716
Anastasia Doherty, BBO #705288
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com, adoherty@llrlaw.com

## **CERTIFICATE OF SERVICE**

I, Shannon Liss-Riordan, hereby certify that a copy of this document, as filed on August 25, 2020, has been electronically served on the counsel for Defendant Whole Foods Market, Inc., via electronic the ECF electronic filing system.  I further certify that Amazon.com, Inc., has been served with the Amended Complaint and preliminary injunction briefing in this matter and will be imminently served with a true and correct copy of the instant filing.  (Plaintiffs have not yet been able to serve Amazon.com, Inc. with a summons, as they have requested one but have not yet obtained one from the Court, but they will serve the summons as soon as the Court issues one.)

                                                */s/ Shannon Liss-Riordan*
                                                Shannon Liss-Riordan, Esq.