UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUVERINO FRITH, SAVANNAH KINZER, CEDRICK JUAREZ, FAITH WALSH, MACKENZIE SHANAHAN, COREY SAMUEL, JENNIFER OSAYANDE, BRITNEY IFEBOHR, KANAYA RYLAND, KIRBY BURT, LEAVER MICHEL, ABDULAI BARRY, LINDSAY VUONG, SAMANTHA BERIMBAU, SUEPRIYA ADHI, ALICE TISME, CAMILLE TUCKER-TOLBERT, CHARLES THOMPSON, ANA BELÉN DEL RIO-RAMIREZ, LYLAH STYLES, KAYLA GREENE, SHARIE ROBINSON, KELLY RIGLER, JUSTINE O'NEILL, SARITA WILSON, and YURIN LONDON, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET, INC. and AMAZON.COM, INC.,<br><br>      Defendants. | CIVIL ACTION NO. 1:20-cv-11358-ADB |

**DEFENDANTS' CONSENT TO WITHDRAWAL AND
OPPOSITION TO PLAINTIFFS' REQUEST FOR EXPEDITED DISCOVERY**

Defendants Whole Foods Market, Inc. ("Whole Foods") and Amazon.com, Inc. (collectively "Defendants") respectfully submit this Opposition to Plaintiffs' request for expedited discovery. Dkt. No. 38. In their August 25, 2020 submission, Plaintiffs withdrew their emergency motion for injunction and thereby acknowledged—as Whole Foods has demonstrated—that there is no exigency to Plaintiffs' claims or their requests for relief. Yet, even though Plaintiffs have abandoned their only potential justification to deviate from the ordinary discovery process, they request that the Court not only order expedited discovery, but that the entire discovery period be truncated to just four weeks (including depositions of 28

named Plaintiffs and any other witnesses with knowledge of the events at hundreds of Whole Foods stores), that written discovery be eliminated (except the exchange of initial disclosures), and that dispositive motion practice commence within only eight weeks from the date the Court decides Whole Foods' pending motion to dismiss. *Id.* at 2. Plaintiffs' request to fully litigate this putative class action case in just ***eight weeks*** should be denied because it is unreasonable, unsupported, and wholly inconsistent with federal litigation practice and procedure.

The discovery rules are designed to promote fair and orderly litigation. Under Local Civil Rule 16.1, discovery commences after a scheduling conference with the Court. In advance of such a conference, the parties are required to prepare and submit a joint statement that includes, among other things, a detailed discovery plan that sets forth "the time and length for all discovery events." *Id.* At or following the scheduling conference, the Court will "make an early determination of whether the case is 'complex' or otherwise appropriate for careful and deliberate monitoring in an individualized and case specific manner." *Id.*

As these case-specific considerations recognize, the duration of the litigation process can vary based on the circumstances presented. However, according to the Court's Judicial Forum Survey, the expectation is that civil cases ordinarily should "be trial ready in a year," and that parties should prepare their proposed discovery schedules with that goal "in mind."[1] And the litigation demands of class actions cases like this one—which already involves employees of 11 stores and at least 39 witnesses, plus a request for injunctive relief covering 500 stores and tens of thousands of employees—require more time and attention (not significantly less) than the typical case.[2] And if early discussions among counsel are any indicator of the path that this case

---

[1]     *See* https://www.mad.uscourts.gov/boston/burroughs.htm.

[2]     In addition to the depositions of the 28 named Plaintiffs, Plaintiffs have requested to depose "top level decision makers and store managers at locations where named Plaintiffs have

will take, it seems that the scope of the litigation may be broadened considerably if it is not dismissed at the outset.  Counsel for Defendants suggested that the case be limited to testimony from Plaintiffs already identified as a way of streamlining the matter; Plaintiffs' counsel refused, which is perfectly appropriate but indicative of a potential for an expansive case with factual inquiries about dozens or perhaps hundreds of employees.

There are other issues to be considered as well.  There may be a need for experts before the case is ripe for dispositive motions, and the Court may wish to consider class certification issues at an earlier stage.  Additionally, while Plaintiffs assume that there will be a single summary judgment motion presenting a monolithic issue, that is unlikely.  Already, there are 28 individuals each claiming to have suffered some sort of adverse employment action. There may well be factual differences that require separate motions, or at least separate factual showings and arguments, for differently situated individual Plaintiffs.

Plaintiffs contend that these realities and the Federal Rules of Civil Procedure should be ignored, and that the litigation process should be completely bypassed and shortened to just eight weeks because they purportedly face termination from employment for violating Whole Food's dress code.  Dkt. No. 38, at 1, 3.  That argument is baseless.  As Plaintiffs inherently acknowledge in their request to withdraw their motion for emergency relief, they can simply comply with dress code requirements and wear plain masks and clothing items to avoid discipline and any potential injury from the enforcement of Whole Foods' policy.  Moreover, after filing two complaints, several rounds of motion briefing, and more than two dozen declarations, Plaintiffs have alleged that just two—of the approximately 90,000 putative class

---

worked." Dkt. No. 38, at 2.  Presumably, this would include at least one defense witness from each of the 11 stores at issue.

members—have been terminated from employment for repeatedly and intentionally violating Whole Foods' dress code.

      As the foregoing demonstrates, Plaintiffs' request for expedited discovery should be rejected. If the Court denies Whole Foods' motion to dismiss, Defendants respectfully request that the parties be ordered to attend a scheduling conference pursuant to Local Rule 16.1. At that conference, the parties can discuss their anticipated discovery needs and also consider the extent to which the Court's ruling on the motion to dismiss frames the remaining issues to be litigated.

Dated: August 27, 2020

DEFENDANTS WHOLE FOODS MARKET, INC. and AMAZON.COM, INC.

By counsel,

/s/ *Sarah J. Butson*

Sarah J. Butson, BBO# 703265
sarah.butson@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, Massachusetts 02119
Telephone: (617) 341-7277
Facsimile: (617) 341-7701

Anne Marie Estevez (*pro hac vice*)
annemarie.estevez@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
200 South Biscayne Boulevard, Suite 5300
Miami, Florida 33131
Telephone: (305) 415-3000
Facsimile: (305) 415-3001

Michael L. Banks (*pro hac vice*)
Julia S. Sturniolo (*pro hac vice*)
michael.banks@morganlewis.com
julia.sturniolo@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001

Terry D. Johnson (*pro hac vice*)
terry.johnson@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
502 Carnegie Center
Princeton, New Jersey
Telephone: (609) 919-6600
Facsimile: (609) 919-6701

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2020, the foregoing document was served via the Court's ECF filing system upon all counsel of record.

>　　　　　　　　　　　　　　　　　　*/s/ Sarah J. Butson*
>　　　　　　　　　　　　　　　　　　Sarah J. Butson