**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SUVERINO FRITH, SAVANNAH KINZER, CEDRICK JUAREZ, FAITH WALSH, MACKENZIE SHANAHAN, COREY SAMUEL, JENNIFER OSAYANDE, BRITNEY IFEBOHR, KANAYA RYLAND, KIRBY BURT, LEAVER MICHEL, ABDULAI BARRY, LINDSAY VUONG, SAMANTHA BERIMBAU, SUEPRIYA ADHI, ALICE TISME, CAMILLE TUCKER-TOLBERT, CHARLES THOMPSON, ANA BELÉN DEL RIO-RAMIREZ, LYLAH STYLES, KAYLA GREENE, SHARIE ROBINSON, KELLY RIGLER, JUSTINE O'NEILL, SARITA WILSON, and YURIN LONDON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET, INC. and AMAZON.COM, INC.,<br><br>Defendants. | CIVIL ACTION NO. 1:20-cv-11358-ADB |

**DEFENDANT AMAZON.COM, INC.'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS'**
**AMENDED CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

Page


I. INTRODUCTION ..... 1

II. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND ..... 2

- A. The Parties ..... 2
- B. The Application of Whole Foods' Dress Code Policy Prohibiting Outside Slogans, Messages, Logos, Or Advertising On Work Apparel. ..... 3
- C. Relevant Procedural Background. ..... 3

III. ARGUMENT ..... 4

- A. Tisme Has Failed To Exhaust Her Administrative Remedies. ..... 4
- B. Tisme Has Failed To Allege Any Cognizable Title VII Discrimination or Retaliation Claims Against Amazon. ..... 6
  - 1. Title VII Prohibits Employment Discrimination, Not Dress Code Policies. ..... 7
    - a. Tisme does not allege any disparate treatment on the basis of race. ..... 7
    - b. Tisme cannot maintain an associational discrimination claim. ..... 9
  - 2. Tisme Failed to Allege Cognizable Claims for Retaliation. ..... 11
    - a. Engaging in speech about social injustice or other political issues does not constitute protected activity under Title VII. ..... 11
    - b. Knowingly violating a dress code policy does not constitute protected activity under Title VII. ..... 13

IV. CONCLUSION ..... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Air Sunshine, Inc. v. Carl*,
663 F.3d 27 (1st Cir. 2011) ........................................ 13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................ 6, 7

*Bailey v. Delta Air Lines, Inc.*,
722 F.2d 942 (1st Cir. 1983) ........................................ 5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................ 6

*Bostock v. Clayton City, Georgia*,
140 S.Ct. 1731 (2020) ........................................ 8

*Castro-Cruz v. Municipio de Caguas*,
No. 16-1756 (ADC), 2019 WL 3403899 (D.P.R. July 26, 2019) ........................................ 9

*Cherkaoui v. City of Quincy*,
877 F.3d 14 (1st Cir. 2017) ........................................ 11

*Dzanku v. Brennan*,
270 F. Supp. 3d 376 (D. Mass. 2017) ........................................ 8

*Gallo v. W.B. Mason Co.*,
No. CIV.A. 10-10618-RWZ, 2010 WL 4721064 (D. Mass. Nov. 15, 2010) ........................................ 9, 10

*Garcetti v. Ceballos*,
547 U.S. 410 (2006) ........................................ 11

*Greene v. City of Boston*,
204 F. Supp. 2d 239 (D. Mass. 2002) ........................................ 6

*Gregory v. YWCA Haverhill, Inc.*,
No. CIV. 13-11342-FDS, 2014 WL 3798893 (D. Mass. July 30, 2014) ........................................ 4

*Harper v. Melendez*,
No. 18-12137-FDS, 2019 WL 6307201 (D. Mass. Nov. 22, 2019) ........................................ 4

*Hazel v. U.S. Postmaster Gen.*,
7 F.3d 1 (1st Cir. 1993) ........................................ 13, 14

*Hochstadt v. Worcester Found. for Experimental Biology*,
226 425 F. Supp. 318 (D. Mass. Jan. 5, 1976), aff'd sub nom, 545 F.2d 222 (1st Cir. 1976) ....5

*Jorge v. Rumsfeld*,
404 F.3d 556 (1st Cir. 2005) ....4

*Less v. Berkshire Hous. Ser.*,
No. 00-30033-MAP, 2000 WL 1615740 (D. Mass. Sept. 8, 2000) ....5

*Lopez v. Massachusetts*,
588 F.3d 69 (1st Cir. 2009) ....2

*McDonnell v. Cisneros*,
84 F.3d 256 (7th Cir. 1996) ....13

*Ngomba v. Olee*,
No. 18-11352-MPK, 2019 WL 1119588 (D. Mass. Mar. 11, 2019) ....4

*Ocasio-Hernandez v. Fortuno-Burset*,
640 F.3d 1 (1st Cir. 2011) ....7

*Oliveras-Sifre v. Puerto Rico Dept. of Health*,
214 F.3d 23 (1st Cir. 2000) ....10

*Otero-Garcia v. Puerto Rico*,
No. CV 06-1200 (SEC), 2007 WL 9761401 (D.P.R. June 27, 2007) ....9

*Perez-Abreu v. Metropol Hato Rey, LLC*,
No. CV 18-1865, 2019 WL 2246774 (D.P.R. May 22, 2019) ....6

*Unt v. Aerospace Corp.*,
765 F.2d 1440 (9th Cir. 1985) ....14

**Statutes**

42 U.S.C. § 2000e-2(a) ....7

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ....6

## I. INTRODUCTION

Plaintiffs base their race discrimination and retaliation claims against Amazon.com, Inc. ("Amazon") on the allegation that a single employee – Alice Tisme – was sent home from work for wearing a Black Lives Matter mask ("BLM mask"). This motion by Defendant Amazon addresses only Tisme's claim. The other 27 Plaintiffs worked solely for Defendant Whole Foods Market, Inc. ("Whole Foods"), and therefore have no basis to assert claims against Amazon.

As a threshold matter, Tisme's failure to satisfy Title VII's prerequisites to the commencement of litigation bars her claims. Before filing a lawsuit in federal court, a Title VII plaintiff must file an administrative charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") and allow the agency to investigate, conciliate, and potentially seek relief. Only after that process is exhausted and the EEOC has issued a "Notice of Right to Sue" letter may the Plaintiff commence litigation. Tisme has failed to satisfy these statutory prerequisites. She has not even commenced the administrative process, let alone received a letter from the EEOC authorizing her to file a lawsuit.

Even if Tisme had exhausted the EEOC charge filing process, she cannot state a viable claim under Title VII. Title VII protects employees from discrimination on account of their race. It does not confer a right to display a political or social message on an employee's clothing. Critically, Tisme does not allege that Amazon discriminated against her because of **her race**. In fact, the Amended Complaint does not even identify Tisme's race. Rather, Tisme, like the other Plaintiffs, has conceded that the dress code policies at issue were enforced without regard to the race of employees. Accordingly, Tisme's Title VII claim fails as a matter of law.

Tisme attempts to muster a viable retaliation claim, but she does not allege that she engaged in any conduct protected by Title VII. The most that the Court might glean from the conclusory allegations of the Amended Complaint is that Tisme – like the other Plaintiffs – wore

a BLM mask to express her support for a social justice cause or movement – not specific co-workers. Overlaying a retaliation label on such a claim does not implicate Title VII.

For these reasons, as detailed below, this Court should grant Amazon's Motion to Dismiss, and dismiss all claims against Amazon in the Amended Complaint.

## II. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

### A. The Parties

Whole Foods is a leading chain of natural and organic food supermarkets, and operates approximately 500 retail stores throughout the United States. *See* Compl. ¶ 36. Plaintiffs allege that "Whole Foods is owned by parent corporation Amazon.com, Inc." *Id.* They allege further that Amazon employs "Prime Shoppers" such as Tisme who work at Whole Foods stores to fill orders for Amazon Prime customers. *Id.* ¶ 37.

With the exception of Tisme, all of the Plaintiffs are alleged to be current or former employees of Whole Foods who worked at stores in Massachusetts, California, Washington, New Hampshire, Pennsylvania, New Jersey, Virginia, Georgia, or Indiana. *Id.* ¶¶ 7-34. Plaintiffs allege that Tisme "works for Amazon as a Prime Shopper" in Cambridge, Massachusetts, "fulfill[ing] grocery delivery orders placed through the website, primenow.amazon.com."[1] *Id.* ¶¶ 3, 22, 78. The Amended Complaint does not identify Tisme's race.[2]

---

[1] Tisme was not employed by the Amazon entity named in the Amended Complaint. She worked solely for a distinct, indirectly owned subsidiary of Amazon – Prime Now LLC. If the Court were to permit Tisme's claim to proceed (which it should not), the Court should require Tisme to amend her complaint to name the proper defendant. *See generally Lopez v. Massachusetts*, 588 F.3d 69, 83 (1st Cir. 2009) (recognizing that liability under Title VII can only be imposed on an "employer" as defined by "traditional agency law principles for identifying 'master-servant relationships'").

[2] According to Plaintiffs' affidavits submitted in support of their emergency motion for a preliminary injunction, the named Plaintiffs in the originally-filed complaint come from a variety of racial backgrounds, including White, Black, Latino, and Asian. *See* Dkt. No. 3-1 ¶ 2; 3-2 ¶ 3;

**B. The Application of Whole Foods' Dress Code Policy Prohibiting Outside Slogans, Messages, Logos, Or Advertising On Work Apparel.**

Whole Foods has a dress code policy for employees who work in its stores. *Id.* ¶ 42. The policy prohibits employees from wearing masks and clothing with visible slogans, messages, logos, or advertising that are not related to Whole Foods. *Id.*

Plaintiffs allege that before Whole Foods began "cracking down on its dress code," Amazon's "Prime Shoppers did not have to follow the Whole Foods dress code," but that "Amazon changed its policy to require that its Prime Shoppers comply with [that policy]." *Id.* ¶ 79. The only Plaintiff alleged to have been disciplined by Amazon is Tisme, who claims that she "was sent home without pay for wearing her Black Lives Matter mask to work[,]" admitting she deliberately refused to comply with the dress code policy. *Id.* ¶ 81.

**C. Relevant Procedural Background.**

Four of the twenty-eight Plaintiffs allege that they filed administrative charges of discrimination with the EEOC.[3] *Id.* ¶ 84. Tisme is ***not*** one of those Plaintiffs. Nevertheless, on July 31, 2020, Plaintiffs filed an Amended Complaint, naming Amazon as a defendant and adding new Plaintiffs, including Tisme. Dkt No. 11. On August 25, 2020, Plaintiffs notified the Court that they were withdrawing their request for a preliminary injunction based upon the Court's observations expressed during the conference held on August 18, 2020. Dkt. No. 38.

---

3-3 ¶ 2; 3-4 ¶ 3; 3-5 ¶ 2; 3-6 ¶ 2; 3-7 ¶ 2; 3-8 ¶ 2; 3-9 ¶ 2; 3-10 ¶ 2; 3-11 ¶ 2; 3-12 ¶ 2; 3-13 ¶ 2. Plaintiffs did not submit an affidavit identifying Tisme's race.

[3] Plaintiffs stated in their Opposition to Whole Foods' Motion to Dismiss that "Plaintiffs Barry, Visco, Evans, O'Neill, Styles, Wilson, and London . . . have filed charges with the EEOC." Dkt. No. 42, at 6. None are alleged to be Amazon employees.

## III. ARGUMENT

### A. Tisme Has Failed To Exhaust Her Administrative Remedies.

Tisme failed to exhaust her administrative remedies before the EEOC, and she is therefore precluded from litigating her Title VII claims. "[J]udicial recourse under Title VII . . . is not a remedy of first resort." *Jorge v. Rumsfeld*, 404 F.3d 556, 564 (1st Cir. 2005) (internal quotation marks omitted). "The First Circuit has repeatedly held that 'a federal court will not entertain employment discrimination claims brought under Title VII unless administrative remedies have first been exhausted.'" *Ngomba v. Olee*, No. 18-11352-MPK, 2019 WL 1119588, at *2 (D. Mass. Mar. 11, 2019) (quoting *Rodriguez v. United States*, 852 F.3d 67, 78 (1st Cir. 2017)). Administrative exhaustion requires ***both*** (1) the timely filing of a charge with the EEOC, and (2) the receipt of a Notice of Right to Sue letter. *See Jorge*, 404 F.3d at 564 ("The employee may commence a civil action against [his] employer if, and only if, the EEOC has dismissed the administrative complaint or has itself failed to begin a civil action within 180 days of the original . . . filing").

Plaintiffs admit that Tisme has not even filed an administrative charge with the EEOC, much less exhausted the required administrative process. *See* Compl. ¶ 84. Accordingly, the Court should dismiss Tisme's claims and, further, dismiss Amazon as a Defendant in this case. *See Jorge*, 404 F.3d at 564; *Gregory v. YWCA Haverhill, Inc.*, No. CIV. 13-11342-FDS, 2014 WL 3798893, at *2-3 (D. Mass. July 30, 2014) (dismissing Title VII discrimination and retaliation claims where plaintiff failed to produce right-to-sue letter); *Harper v. Melendez*, No. 18-12137-FDS, 2019 WL 6307201, at *2-3 (D. Mass. Nov. 22, 2019) (same).

Plaintiffs have argued in opposition to Whole Foods' motion to dismiss that the Court should excuse their admitted failure to exhaust their administrative remedies because they may renew their motion for preliminary injunction in the future, and perhaps even seek such relief

against Amazon. Dkt. No. 42, at 18. Plaintiffs have cited *Bailey v. Delta Air Lines, Inc.*, 722 F.2d 942 (1st Cir. 1983) for the proposition that the Court may exercise its "inherent equitable powers" to bypass the administrative process to provide expedited equitable relief. *Id.* That argument has no merit. As an initial matter, Plaintiffs never sought preliminary injunctive relief against Amazon. And, further, Plaintiffs have withdrawn their motion for preliminary injunctive relief against Whole Foods, so even that underpinning of an argument to evade their obligation to proceed before the EEOC no longer exists.

Furthermore, Plaintiffs' reliance on *Bailey* is misplaced. In that case, the First Circuit addressed—but did not decide—whether a plaintiff may circumvent normal EEOC procedures in order to pursue preliminary injunctive relief. *Id.* at 945. The Court declined to hold that a court could never enter a preliminary injunction before the EEOC concludes its administrative process. Nor did the First Circuit find that a plaintiff could bypass the process merely based on the pendency of a motion for such relief. Instead, the Court found it unnecessary to resolve the issue, noting that there was no showing of irreparable injury in the case before it. The Court emphasized that, "[a]t a minimum, an aggrieved person seeking preliminary relief outside the statutory scheme for alleged Title VII violations would have to make a showing of irreparable injury sufficient in kind and degree to justify the disruption of the prescribed administrative process." *Id*. Here, Tisme has never claimed any urgency or potential irreparable harm arising from her claims against Amazon. Absent any allegations to support the potential for irreparable injury, there is no argument whatsoever that Tisme is exempt from administrative exhaustion requirements as it relates to Amazon.[4]

---

4 Every court in this Circuit to have granted this limited exception, did so only when the plaintiff sought emergency, preliminary relief. *See, e.g.*, *Less v. Berkshire Hous. Ser.*, No. 00-30033-MAP, 2000 WL 1615740, at *4 (D. Mass. Sept. 8, 2000); *see also Hochstadt v. Worcester*

Plaintiffs have also relied on *Greene v. City of Boston*, 204 F. Supp. 2d 239 (D. Mass. 2002) for the proposition that any Plaintiffs who have not exhausted their administrative remedies may "piggyback" off the class-wide allegations of others who have availed themselves of the administrative process. Dkt. No. 42, at 19-20. This reliance is misplaced. First, *Greene* declined the plaintiffs' invitation to allow them to "piggyback" their Title VII race discrimination claims. *Greene*, 204 F. Supp. 2d at 242. Moreover, while *Greene* indicated that the piggybacking exception had been adopted in other jurisdictions, the court conceded that "there is no statutory basis, Supreme Court or First Circuit decision on this point of law (that is, piggybacking) for adopting their proposed exception to the ADEA's [or Title VII's] exhaustion mandate." *Perez-Abreu v. Metropol Hato Rey, LLC*, No. CV 18-1865, 2019 WL 2246774, at *4 (D.P.R. May 22, 2019).

In short, Tisme has failed to file an administrative charge with the EEOC and to receive a right-to-sue letter, and she therefore cannot pursue her claims before this Court. The Court should dismiss Amazon as a defendant.

### B. Tisme Has Failed To Allege Any Cognizable Title VII Discrimination or Retaliation Claims Against Amazon.

Putting aside her failure to exhaust administrative remedies, Tisme has not asserted cognizable Title VII discrimination or retaliation claims against Amazon. Under Rule 12(b)(6), the Court must dismiss a pleading that fails to set forth "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

---

*Found. for Experimental Biology*, 226 425 F. Supp. 318, 323 (D. Mass. Jan. 5, 1976), aff'd sub nom, 545 F.2d 222 (1st Cir. 1976).

*v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 556 U.S. at 679.

***1. Title VII Prohibits Employment Discrimination, Not Dress Code Policies.***

Title VII prohibits an employer from taking action against an individual "because of" that individual's race. 42 U.S.C. § 2000e-2(a). Tisme does not allege that Amazon imposed any adverse employment action upon her because of her race. She does not even allege that she is a member of any particular racial group. Rather, she avers only that on some unidentified date, "she was sent home without pay for wearing her Black Live Matter mask to work." Compl. ¶ 81. This does not constitute actionable conduct under Title VII.

**a. Tisme does not allege any disparate treatment on the basis of race.**

Title VII prohibits employers from making employment decisions against an individual "because of" *that* individual's race:

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, ***because of such individual's race***, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, ***because of such individual's race***, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a) (emphasis added). The statutory focus falls squarely on the individual's protected characteristic.

Just a few months ago, the Supreme Court held in *Bostock v. Clayton City, Georgia*, 140 S.Ct. 1731, 1739-40 (2020) that Title VII must be interpreted based on the plain words of the statute, and that the prohibitions mean no more, and no less, than as stated in the text. As the Court explained, employment discrimination is when an employer "intentionally treats a person worse *because of* sex [or race]" such as "by firing the person for actions or attributes it would tolerate in an individual *of another* sex [or race]." *Id.* The Court emphasized that the statute is quite clear:

> It tells us three times—including immediately after the words "discriminate against"—that our focus should be on individuals, not groups: Employers may not "fail or refuse to hire or . . . discharge any individual, or otherwise . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." §2000e–2(a)(1) (emphasis added). And the meaning of "individual" was as uncontroversial in 1964 as it is today: "A particular being as distinguished from a class, species, or collection." Webster's New International Dictionary, at 1267.

*Id.* at 1740.

Plaintiffs do not allege that Amazon disciplined Tisme for violation of the dress code ***because of*** her race. Indeed, there is nothing in the Amended Complaint that suggests any discriminatory animus on the part of Amazon. Plaintiffs point out that "Amazon ran a 'Black Lives Matter' banner on its website," and that the company's CEO defended the corporate stance against hate speech and other discriminatory treatment. Compl. ¶ 52. While Plaintiffs allege that Amazon purportedly began to "require that its Prime Shoppers"—who work in Whole Foods' stores—"comply with Whole Foods dress code," that allegation does not even remotely suggest discriminatory or retaliatory intent on the part of Amazon. Plaintiffs do even allege their own race or the race of any Amazon or Whole Foods' employees, which alone is fatal to their discrimination claims. *See Dzanku v. Brennan*, 270 F. Supp. 3d 376, 381 (D. Mass. 2017) (granting motion to dismiss race and age discrimination claims where the plaintiff failed to "state

his age or identify his race, give any details surrounding the circumstances of his termination, or allege any other facts which would support a finding that he was terminated on the bases of his age and/or race"); *Castro-Cruz v. Municipio de Caguas*, No. 16-1756 (ADC), 2019 WL 3403899, at *3 (D.P.R. July 26, 2019) (dismissing Title VII claim based on the fact that the plaintiff "failed to adequately plead the first element of a prima facie case under McDonnell Douglas because he failed to plead his race or his color").

Plaintiffs attempt to overcome the absence of any allegations of race-based animus or mistreatment by alleging that, in some instances, Whole Foods selectively enforced its dress code policy, and other employees were allowed to wear non-conforming articles of clothing in violation of the dress code policy. *See, e.g.*, Compl. ¶¶ 44, 73. But that does not save **Tisme's** claims from dismissal. The Amended Complaint is devoid of any purported examples of Amazon selectively enforcing any dress code requirements. Accordingly, the Court should dismiss Tisme's discrimination claim against Amazon. *See Otero-Garcia v. Puerto Rico*, No. CV 06-1200 (SEC), 2007 WL 9761401, at *3 (D.P.R. June 27, 2007) (dismissing disparate treatment claim because plaintiff failed to allege discrimination on basis of protected characteristic and instead contained "allegations of political discrimination," which did "not state a claim for relief under Title VII").

**b. Tisme cannot maintain an associational discrimination claim.**

Any attempt by Plaintiffs to invoke a theory of "associational" discrimination does not salvage Tisme's disparate treatment claim from dismissal. A claim for associational discrimination is only actionable "when a person of one race ***associates*** with third persons of another race and is therefore subjected to discriminatory animus." *Gallo v. W.B. Mason Co.*, No. CIV.A. 10-10618-RWZ, 2010 WL 4721064, at *1 (D. Mass. Nov. 15, 2010) (emphasis added). Under those circumstances, the alleged "conduct falls within Title VII's prohibition of racial

discrimination because the difference in race between the Title VII plaintiff and the third persons is the motivation for the discrimination." *Id.* As the First Circuit has recognized, the prohibition against association-based discrimination is intended to protect employees from "adverse job actions based on 'unfounded stereotypes and assumptions' arising from the employees' relationships with [members of a protected class]." *Id.* at 26.

Yet here, Tisme does not allege that Amazon discriminated against her based on unfounded stereotypes or assumptions about her relationship or association with Black employees. Again, Plaintiffs do not allege the race of any Amazon or Whole Foods employees. Plaintiffs aver generally—without any specific mention of Tisme—that Defendants purportedly mistreated them because of their advocacy for "Black Whole Foods employees," but Tisme herself does not make that assertion. *See, e.g.*, Compl. ¶ 68 ("Whole Foods' policy of not allowing its employees to wear Black Lives Matter masks is discriminatory . . . against other employees who are associating with and advocating for Black Whole Foods employees and protesting racism and discrimination in the workplace . . . ."); *id.*, Count I (same). Courts routinely reject purported Title VII associational discrimination claims where, as here, an individual claims to have been discriminated against due to ***advocacy*** for a particular protected group—rather than due to ***association*** with that group. *See, e.g.*, *Gollo*, 2010 WL 4721064, at *1 (granting motion to dismiss Title VII associational discrimination claim because complaint alleged that plaintiff "was fired because he protested discrimination against female employees, not because he was a male associating with females"); *Oliveras-Sifre v. Puerto Rico Dept. of Health*, 214 F.3d 23, 26 (1st Cir. 2000) (rejecting associational discrimination theory under ADA because plaintiffs did "not allege a specific association with a disabled individual" but rather

"that they were punished for their advocacy on behalf of individuals with AIDS"). The same result is warranted in this case.

### *2. Tisme Failed to Allege Cognizable Claims for Retaliation.*

To state a *prima facie* case of retaliation, a plaintiff must allege that: (1) she "undertook protected conduct"; (2) she "suffered an adverse employment action"; and (3) "the two were causally linked." *Cherkaoui v. City of Quincy*, 877 F.3d 14, 28 (1st Cir. 2017). The Amended Complaint contains no allegations that Tisme engaged in any protected activity, and her retaliation claim therefore fails.

#### a. Engaging in speech about social injustice or other political issues does not constitute protected activity under Title VII.

An employee who desires to wear a BLM mask in a Whole Foods store presents an issue of speech in a private workplace – it does not create a new protected class of individuals under Title VII, *i.e.*, race, gender, religion, wearers of a BLM mask, etc. Nor does it give rise to a new form of protected activity. The Supreme Court has held consistently that Title VII does not protect workplace speech about political issues, and that private employers like Amazon "need a significant degree of control over their employees' words and actions," which is crucial to the employer's objectives in maintaining an efficient and productive work environment. *See Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006).[5]

---

[5] Plaintiffs have relied on a July 14, 2020 opinion letter from the U.S. Office of the Special Counsel ("OSC") to argue that "[t]he federal government has determined that 'Black Lives Matter' is not a political statement and thus can be worn by employees." *See* Dkt. No. 28, at 2. However, the OSC's opinion letter is not relevant here because it merely concluded that "BLM terminology is not inherently political activity" under the Hatch Act, which generally prohibits federal employees from engaging in "political activity." *See* Dkt. No. 3-23, at 1-2. Thus, the OSC's letter does not address what constitutes protected activity under Title VII. Nor does it dictate or suggest whether a public or private employer can adopt a dress code that prohibits certain attire. Indeed, the OSC's letter expressly states that it "only relates to the Hatch Act and does not address any other laws, rules, or regulations that may apply to expressions of support for, or opposition to, BLM while on duty or in the workplace." *Id.* at 6.

Plaintiffs have attempted to avoid dismissal of their claims against Whole Foods by arguing that their donning of BLM masks at some point "transformed into being more directed toward opposing Whole Foods' discipline." Dkt. No. 42, at 5. That argument fails and is particularly baseless as it relates to Amazon. Indeed, Plaintiffs do not allege that Tisme or any other Amazon employee wore a BLM mask in protest of any discipline. And the only allegations in the Amended Complaint regarding such protests relates solely to Whole Foods:

> [A]s the protest has proceeded over the last weeks, employees are wearing the masks in order to challenge what they perceive to be racism and discrimination by ***Whole Foods*** for not allowing employees to wear the Black Lives Matter masks. ***Whole Foods'*** discipline of these employees constitutes retaliation against the employees for engaging in protected activity, namely opposing discrimination and racism in the workplace.

Compl. ¶ 70 (emphasis added). Even if Plaintiffs had facts sufficient to lodge similar allegations against Amazon, the notion that political expression was somehow converted to protected activity under Title VII when Amazon purportedly applied a facially-neutral policy to the activity is implausible in light of the alleged facts, which fail to adequately plead causation.

This lawsuit centers on the allegation that Whole Foods, then later Amazon, began "strictly enforcing [Whole Foods'] dress code policy once . . . employees started wearing Black Lives Matter masks and other Black Lives Matter apparel." Compl. ¶¶ 2, 42-43, 53. Plaintiffs aver that they and other employees were discriminated against when they were disciplined for violating that policy. *See, e.g.*, *id.* ¶¶ 53, 60, 81. Plaintiffs then attempt to convert that same alleged conduct from purported discrimination into retaliation, but there are no allegations in the Amended Complaint that Amazon or Whole Foods' behavior changed after employees started complaining of the discipline that they received. On the contrary, the discipline was consistent: "[O]nce . . . employees started wearing Black Lives Matter masks and other Black Lives Matter apparel," the dress code policy was enforced. *Id.* ¶ 2. Hence, even assuming that employees'

wearing of BLM masks did constitute protected activity – and it did not – "nothing changed" after the employees complained of the discipline that they had received, and "[t]herefore the complaints could not have been the cause of the [retaliatory] conduct." *McDonnell v. Cisneros*, 84 F.3d 256, 259 (7th Cir. 1996); *see also Air Sunshine, Inc. v. Carl*, 663 F.3d 27, 37 (1st Cir. 2011) (dismissing retaliation claim, in part, because alleged retaliatory conduct commenced before the purported protected activity).

Because Tisme has failed to allege that she engaged in any conduct protected by Title VII, her retaliation claim should be dismissed.

**b. Knowingly violating a dress code policy does not constitute protected activity under Title VII.**

Tisme's only purported protected conduct was the violation of a legitimate, race-neutral dress code policy. The EEOC's guidance on Title VII's anti-retaliation provision clearly provides that employees are not engaged in protected activity unless they oppose perceived employment discrimination "*in a reasonable manner*," and it instructs courts to balance the employee's rights against the employer's need for a stable and productive work environment.[6] While Title VII does not protect freedom of speech and mask-wearing in this context, even if it did, the First Circuit has explained that, "the right to oppose discrimination is not a right to refuse to work on account of discrimination." *Hazel v. U.S. Postmaster Gen.*, 7 F.3d 1, 4 (1st Cir. 1993) (affirming judgment on plaintiff's retaliation claim where, in opposition to alleged discrimination, the plaintiff failed to report to work). "[A] plaintiff goes 'beyond the scope of protected opposition' when he 'damages the basic goals and interests' of the employer, who has

---

[6] Enforcement Guidance on Retaliation and Related Issues, EEOC (Aug. 25, 2016) (emphasis added), available at https://www.eeoc.gov/laws/guidance/enforcement-guidance-retaliation-and-related-issues.

a 'legitimate interest in seeing that its employees perform their work well.'" *Id.* at 4 (citing *Hochstadt v. Worcester Foundation for Experimental Biology*, 545 F.2d 222, 233 (1st. Cir. 1976)).[7] As the First Circuit recognized, an employee can continue working under the employer's conditions "under protest while pursuing his remedies." *Id.* at 5. Accordingly, the First Circuit affirmed the district court's finding that there was no liability for retaliation because the employer lawfully terminated the plaintiff's employment based on his insubordination, despite its connection with his purported protected activity. *Id.* at 4.

Plaintiffs' allegation that Tisme "was sent home without pay for wearing her Black Lives Matter mask to work" amounts to an intentional and unreasonable violation of a neutral dress code, and not protected activity. Compl. ¶ 81. Indeed, there are no allegations in the Amended Complaint that Amazon sent Tisme home from work because she voiced concerns or otherwise opposed suspected race discrimination. Because Title VII does not protect Tisme's deliberate violation of policy, the Court should dismiss her retaliation claim.

## IV. CONCLUSION

For all of the above reasons, Amazon respectfully requests that the Court grant Amazon's motion and dismiss all claims against it in their entirety.

---

[7] *See also Unt v. Aerospace Corp.*, 765 F.2d 1440, 1446 (9th Cir. 1985) ("An employee is not protected by Title VII when he . . . knowingly disobeys company orders, disrupts the work environment of his employer, or willfully interferes with the attainment of the employer's goals.").

Dated: September 9, 2020

AMAZON.COM, INC.
By counsel,

/s/ *Julia V. Silva Palmer*

Julia V. Silva Palmer, BBO# 676788
julie.palmer@morganlewis.com
Sarah J. Butson, BBO# 703265
sarah.butson@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, Massachusetts 02119
Telephone: (617) 341-7277
Facsimile: (617) 341-7701

Anne Marie Estevez (*pro hac vice*)
annemarie.estevez@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
200 South Biscayne Boulevard, Suite 5300
Miami, Florida 33131
Telephone: (305) 415-3000
Facsimile: (305) 415-3001

Michael L. Banks (*pro hac vice*)
Julia S. Sturniolo (*pro hac vice*)
michael.banks@morganlewis.com
julia.sturniolo@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001

Terry D. Johnson (*pro hac vice*)
terry.johnson@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
502 Carnegie Center
Princeton, New Jersey
Telephone: (609) 919-6600
Facsimile: (609) 919-6701

*Attorneys for Defendant Amazon.com, Inc.*

**CERTIFICATE OF SERVICE**

I, Julie V. Silva Palmer, hereby certify that on the September 9, 2020, a true and correct copy of the foregoing was served on all counsel of record via ECF:

/s/ *Julie V. Silva Palmer*
Julie V. Silva Palmer