UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAVANNAH KINZER, HALEY EVANS, and CHRISTOPHER MICHNO,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET, INC.,<br><br>Defendant | Case No. 20-cv-11358-ADB |

## SECOND AMENDED COMPLAINT[1]

1.      Due to the onset of the global coronavirus pandemic, grocery workers (like many other workers around the country) are now required to wear masks to work. Following the death of George Floyd and demonstrations last year around the country protesting police violence and other discrimination against Blacks, more people have been showing their support for the Black Lives Matter movement. In a show of solidarity, Whole Foods employees in a number of stores around the country began wearing masks with the message Black Lives Matter. They did this to protest racism and police violence against Blacks and to show support for Black Whole Foods employees.

---

[1]     On February 5, 2021, the Court granted Defendants' motion to dismiss the First Amended Complaint, other than for an individual retaliation claim stated by Savannah Kinzer (Dkt. 63). On February 18, 2021, the Court granted Plaintiffs leave to file this Second Amended Complaint, stating individual retaliation claims for Ms. Kinzer and two other terminated employees, Haley Evans and Christopher Michno (Dkt. 65). The Court also ordered the entry of separate and final judgment for the dismissed claims, pursuant to Rule 54(b). Id. Plaintiffs are now appealing the dismissal of those claims (Dkt. 67) and are filing this Second Amended Complaint, which states facts relevant to these retaliation claims. By not including additional facts contained in the earlier complaint, Plaintiffs do not waive the dismissed claims.

2. Although Whole Foods and its parent company Amazon have professed to support the Black Lives Matter movement, Whole Foods began disciplining employees for wearing these masks. While Whole Foods had not previously strictly enforced its dress code policy (and had not disciplined employees for wearing other messages, including political messages), the company began sending employees home without pay for wearing Black Lives Matters masks. Whole Foods threatened employees with termination if they continued wearing the masks. In some locations, employees were given disciplinary "points" when they were sent home for wearing the mask, which put them at risk for termination.

3. At a number of Whole Foods stores around the country, employees held demonstrations outside the stores, showing support for the Black Lives Matter movement and Black Whole Foods employees and protesting Whole Foods' response to the employees wearing the Black Lives Matter masks.

4. One of the lead organizers of the employee protests in Cambridge, Massachusetts, Plaintiff Savannah Kinzer, was terminated on Saturday, July 18, 2020. She was terminated shortly after informing her manager that she had filed complaints with the EEOC and NLRB regarding Whole Foods' response to employees wearing the Black Lives Matter masks. She alleges that her termination was also a result of her involvement and leadership in organizing her co-workers to wear the masks and protest Whole Foods' discipline of employees for doing so, and that it was also triggered by the disciplinary points she had received for wearing a Black Lives Matter mask, which she reasonably believed was protected activity for supporting her Black coworkers and opposing discrimination and retaliation by Whole Foods.

5.     Plaintiffs Haley Evans, a Whole Foods employee who worked in Marlton, New Jersey, was also terminated on August 1, 2020.  She alleges she was terminated for participating in this lawsuit and as a result of the discipline she had received for wearing a Black Lives Matter mask, which she reasonably believed was protected activity for supporting her Black coworkers and opposing discrimination and retaliation by Whole Foods.

6.     Plaintiff Christopher Michno, a Whole Foods employee who worked in Berkeley, California, was also terminated from Whole Foods on September 13, 2020. He alleges he was terminated as a result of voicing his concerns to management, orally and in writing, that Whole Foods' response to employees wearing the Black Lives Matter masks was discriminatory and retaliatory and also because of the discipline he received for wearing a Black Lives Matter mask, which he reasonably believed was protected activity for supporting his Black coworkers and opposing discrimination and retaliation by Whole Foods.

7.     The above-named plaintiffs allege that Whole Foods has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., by terminating them in retaliation for protesting what they reasonably believed was discrimination and retaliation by Whole Foods.

8.     Plaintiffs seek injunctive relief, including their reinstatement, as well as lost wages and other damages they have suffered as a result of their discipline and terminations.

**II.     PARTIES**

9.     Plaintiff Savannah Kinzer resides in Boston, Massachusetts, and worked for Whole Foods at the River Street location in Cambridge, Massachusetts, until her termination on July 18, 2020.

10.    Plaintiff Haley Evans resides in Sicklerville, New Jersey, and worked for Whole Foods at the Rt. 73N location in Marlton, New Jersey, until her termination on August 1, 2020.

11.    Plaintiff Christopher Michno resides in Oakland, California, and worked for Whole Foods at the Telegraph Avenue location in Berkeley, California, until his termination on September 13, 2020.

12.    Defendant Whole Foods Market, Inc. is a corporation headquartered in Austin, Texas.  Whole Foods operates hundreds of grocery stores throughout the United State.  Whole Foods is owned by parent corporation Amazon.com, Inc.

**III.    JURISDICTION AND VENUE**

13.    This Court has general federal question jurisdiction over this matter, pursuant to 28 U.S.C. § 1331, as this case arises under federal law, namely Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

14.    The District of Massachusetts is a proper venue for this action, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim took place in Massachusetts.

**IV.    STATEMENT OF FACTS**

15.    Due to the onset of the global coronavirus pandemic, grocery workers (like many other workers across the country) are now required to wear masks to work.

16. Following the death of George Floyd in May 2020, and demonstrations around the country protesting police violence and other discrimination against Blacks, more people began showing their support for the Black Lives Matter movement.

17. Whole Foods employees at stores around the country began wearing masks and other apparel and accessories with the message Black Lives Matter.

18. They did this to protest racism and police violence against Blacks and to show support for Black Whole Foods employees.

19. These employees expected Whole Foods would support their decision to wear these masks because Whole Foods has expressed support for inclusivity and equality and because it previously allowed its employees to express support for other causes, including supporting their LGBTQ+ coworkers through their apparel without discipline.

20. Following the death of George Floyd and nationwide protests against police violence and racism against Blacks, Whole Foods stated on its website: "Racism has no place here." The text is in a large banner with the caption: "Racism and discrimination of any kind have no place at Whole Foods Market. We support the black community and meaningful change in the world."

21. Whole Foods parent company Amazon ran a "Black Lives Matter" banner on its website and CEO Jeff Bezos defended the statement. Mr. Bezos posted on his personal Instagram account a screenshot of an angry customer email, who attacked the

"Black Lives Matter" statement, and told the customer his hateful speech would not be tolerated and that: "you're the kind of customer I am happy to lose."[2]

22.     Nonetheless, although it had not previously done so, Whole Foods began strictly enforcing its dress code policy once its employees started wearing Black Lives Matter masks and other Black Lives Matter apparel, such as pins or sneakers.  Whole Foods began subjecting employees to discipline if they refused to remove their Black Lives Matter masks.

23.     For example, at the River Street location in Cambridge, Whole Foods began sending home employees, including Plaintiff Savannah Kinzer, who showed up to work wearing a Black Lives Matter mask.[3]  The employees received no pay for reporting to work and were given disciplinary "points" and sent home for wearing the mask.  These points were part of a progressive discipline policy, under which employees were subject to termination once they accumulated a certain amount of points.

24.     On July 18, 2020, Plaintiff Savannah Kinzer was fired.  Ms. Kinzer was a leader in organizing employees to wear the Black Lives Matter masks, and she led a number of protests outside the River Street Whole Foods store in Cambridge, challenging the company's policy of not allowing employees to wear the masks.  She was informed that she was being terminated due to her accumulation of disciplinary points, most of which she had received as a result of wearing the Black Lives Matter

---

[2]     jeffbezos, Instagram, June 8, 2020, https://www.instagram.com/p/CBJrhdzHKNt/ (last accessed July 30, 2020).

[3]     This issue received widespread media attention.  See, e.g., Katie Johnston, *Whole Foods workers sent home for wearing Black Lives Matter masks*, Boston Globe (June 25, 2020), https://www.bostonglobe.com/2020/06/25/business/whole-foods-workers-sent-home-wearing-black-lives-matter-masks/.

mask. She also alleges that she was terminated in retaliation for being a leader in organizing the employees to wear the masks and protesting the company's policy of disciplining employees for wearing the masks.

25. Just prior to being terminated, Ms. Kinzer informed management that she was legally challenging Whole Foods for its discriminatory and retaliatory policy and that she had filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission and a charge of unfair labor practices with the National Labor Relations Board. She provided a manager with a copy of the filed charges the morning of July 18, 2020. She was fired shortly thereafter and escorted out of the store.

26. On August 1, 2020, Plaintiff Haley Evans was fired, the day after she joined this case as a named plaintiff. Ms. Evans, who worked at the Whole Foods store in Marlton, New Jersey, had been sent home multiple times in late June and July 2020 for wearing a face mask with Black Lives Matter on it.

27. Ms. Evans observed that other employees wore masks at her store that did not comply with Whole Foods policy but were not disciplined for it. She informed her supervisor that she was concerned that a co-worker made a racially offensive remark to her and that co-worker had been allowed to continue working at Whole Foods but she was not allowed to wear her Black Lives Matter mask without being disciplined.

28. The morning of August 1, 2020, Ms. Evans informed her manager that she had joined the case as a plaintiff and provided her with a copy of the Amended Complaint, which listed her on it. She was fired that day.

29. Plaintiff Christopher Michno was fired on September 13, 2020.  He worked at the Whole Foods store in Berkeley, California, and began wearing a Black Lives Matter mask to work beginning in about mid-June 2020.

30. Along with other employees at his store, Mr. Michno received discipline ("corrective action") a number of times for wearing the mask.  In response to one "corrective action" notice he received, he wrote:

> BLACK LIVES MATTER and asking Team members to remove their "BLM slogans" is not inclusive of <u>all</u> identities & skin tones.  This is a racist policy & I hold myself accountable to create a safe space in my work environment where we are <u>inclusive</u> and accommodate <u>everyone</u>.  All lives don't matter until Black Lives Matter & I plan to continue to strive for an ANTI RACIST work environment at WFM.

31. In July and August, Mr. Michno participated in protests with co-workers outside his store location and other Whole Foods' locations in Berkeley and San Francisco, protesting the Whole Foods ban on BLM masks.  The protest included signs that said "Black Lives Matter is not a controversial statement"; "Whole Foods is racist"; and similar slogans. Social media posts and news articles covered the protests.

32. On or about September 6, 2020, Mr. Michno again wore his Black Lives Matter mask to work at Whole Foods. His Store Leader asked him why he was wearing it, and he explained that he was not proud of working for Whole Foods any more because of its ban on the masks and that he did not want to promote a company that would not support its Black team members.

33. Mr. Michno received a final written warning for wearing the mask to work on September 9, 2020.  In the employee statement of the warning, he wrote:

> I will continue to wear black lives matter and use my privilege to advocate for my fellow Black coworkers who are systemically oppressed and face discrimination in

our own workplace for expressing that their lives matter. This is not political or controversial and purely an exclamation of the sacredness of black lives.

34. Shortly after submitting his written statement, Mr. Michno spoke by phone to Whole Foods' regional human resources manager. He informed the manager that he had noticed his Black coworkers get scrutinized more closely and that white co-workers are more often promoted, and that it was not right to ask Whole Foods employees to remove their BLM masks.

35. He was terminated shortly thereafter, on September 13, 2020.

## V.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

36. All three named plaintiffs in this Complaint exhausted their administrative remedies by filing timely Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

## COUNT I

### RETALIATION
### Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3

Plaintiffs re-allege and incorporate the above paragraphs by reference as if fully set forth herein. Whole Foods' termination of Plaintiffs for opposing discrimination and what they reasonably believed to be discrimination and retaliation by Whole Foods in connection with its discipline of employees wearing Black Lives Matter masks while working at Whole Foods constitutes unlawful retaliation in violation of Title VII, 42 U.S.C. § 2000e-3.

9

## **JURY DEMAND**

Plaintiffs request a trial by jury on all claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Find and declare that Whole Foods' discipline and termination of Plaintiffs constitutes retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.;

2. Issue an injunction, reinstating Plaintiffs to their jobs;

4. Award compensatory damages, including lost wages, for Plaintiffs;

5. Award any other damages that may be appropriate, including damages for emotional distress and punitive damages;

6. Award all costs and attorneys' fees incurred prosecuting this action;

7. Award interest;

8. Any other relief to which Plaintiffs may be entitled.

Dated: March 1, 2021

        Respectfully submitted,

        SAVANNAH KINZER, HALEY EVANS, and CHRISTOPHER MICHNO,

        By their attorneys,

        /s/ Shannon Liss-Riordan
        Shannon Liss-Riordan, BBO #640716
        Anastasia Doherty, BBO #705288
        LICHTEN & LISS-RIORDAN, P.C.
        729 Boylston Street, Suite 2000
        Boston, MA 02116
        (617) 994-5800
        Email: sliss@llrlaw.com, adoherty@llrlaw.com

## CERTIFICATE OF SERVICE

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of the foregoing document was served on all counsel of record in this matter by electronic filing on March 1, 2021.

/s/ *Shannon Liss-Riordan*
Shannon Liss-Riordan