# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

SAVANNAH KINZER, HALEY EVANS, and
CHRISTOPHER MICHNO,

                          Plaintiffs,        CIVIL ACTION NO. 1:20-cv-11358-ADB

v.

WHOLE FOODS MARKET, INC.,

                          Defendants.

## DEFENDANT WHOLE FOODS MARKET, INC.'S ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant Whole Foods Market, Inc. ("Defendant," "Whole Foods," or the "Company"), by and through its counsel, Morgan Lewis & Bockius LLP, hereby responds to the allegations of the Second Amended Complaint (the "Complaint") filed by Plaintiffs Savannah Kinzer, Haley Evans, and Christopher Michno (collectively, "Plaintiffs") as follows:

1.      Defendant admits that, due to the onset of the global coronavirus pandemic, some grocery store workers and other workers in the United States are required to wear face masks at work.  Defendant further admits that, following the death of George Floyd in 2020 and related demonstrations and/or protests, certain people have been showing their support for the Black Lives Matter movement, and that certain Whole Foods employees in stores in various parts of the United States in certain instances began wearing face masks with the message "Black Lives Matter." Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of

the remaining allegations in Paragraph 1 of the Complaint, and, on that basis, denies those allegations.[1]

2.      Defendant admits that Whole Foods is a wholly owned subsidiary of Amazon.com, Inc. ("Amazon"), and that Whole Foods and Amazon have publicly supported the black community and meaningful change in the world.  Defendant further admits that certain employees received attendance "points" when they left work early after refusing to wear a compliant face mask, and that employees with excessive attendance "points" could be subject to termination of their employment.  Defendant denies the remaining allegations set forth in Paragraph 2 of the Complaint.

3.      Defendant admits that demonstrations were held at certain Whole Foods stores, that certain Whole Foods employees attended some of those demonstrations, and that some demonstrators showed support for the Black Lives Matter movement.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 3 of the Complaint, and, on that basis, denies those allegations.

4.      Defendant admits that Whole Foods terminated the employment of Ms. Kinzer, effective July 21, 2020, and that Ms. Kinzer emailed her Whole Foods store manager on July 18, 2020, attaching copies of administrative complaints directed to the U.S. Equal Employment Opportunity Commission ("EEOC") and the National Labor Relations Board ("NLRB"). Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of

---

[1]      To the extent a response is needed to Plaintiffs' footnote 1 following Paragraph 1 of the Complaint, the allegations that reference docket entries in this matter purport to characterize written documents that speak for themselves.  The Court is respectfully referred to those documents for their contents.  The remaining allegations in footnote 1 of the Complaint relate to Plaintiffs' waiver of dismissed claims and constitute legal conclusions to which no response is required.

the allegations in Paragraph 4 of the Complaint regarding Ms. Kinzer's role in protests in Cambridge, Massachusetts, and, on that basis, denies those allegations. Furthermore, the allegations in Paragraph 4 of the Complaint related to Ms. Kinzer's email, her administrative complaints filed with the EEOC and NLRB, and her allegations in the instant Complaint purport to characterize written documents that speak for themselves, and, therefore, those allegations are denied. The Court is respectfully referred to those documents for their contents. Defendant denies the remaining allegations set forth in Paragraph 4 of the Complaint.

5.      Defendant admits that Ms. Evans is a former employee of a Whole Foods entity not named as a party in this case, that she worked at the Company's store in Marlton, New Jersey, that Whole Foods terminated her employment on August 1, 2020, and that the termination decision was based on attendance infractions that violated of Whole Foods' attendance policy. Defendant denies the remaining allegations set forth in Paragraph 5 of the Complaint.

6.      Defendant admits that Mr. Michno is a former employee of a Whole Foods entity not named as a party in this case, that he worked at the Company's store in Berkeley, California, that Whole Foods terminated his employment on September 13, 2020, and that the termination decision was based on his violations of Defendant's dress code policy after many warnings. Defendant denies the remaining allegations set forth in Paragraph 6 of the Complaint.

7.      Defendant admits that Plaintiffs assert claims in this matter under Title VII of the Civil Rights Act of 1964 ("Title VII"). Defendant denies the remaining allegations set forth in Paragraph 7 of the Complaint.

8.      Defendant admits that Plaintiffs seek certain relief in this matter, including injunctive relief and monetary damages. Defendant denies the remaining allegations set forth in Paragraph 8 of the Complaint.

**PARTIES**

9.      Defendant admits that Ms. Kinzer worked for a Whole Foods entity not named as a party in this case at the Company's River Street store in Cambridge, Massachusetts until the termination of her employment on July 21, 2020.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 9 of the Complaint regarding where Ms. Kinzer currently resides, and, on that basis, denies those allegations.

10.      Defendant admits that Ms. Evans worked for a Whole Foods entity not named as a party in this case at the Company's store on Route 73 North in Marlton, New Jersey until the termination of her employment on August 1, 2020.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 10 of the Complaint regarding where Ms. Evans currently resides, and, on that basis, denies those allegations.

11.      Defendant admits that Mr. Michno worked for a Whole Foods entity not named as a party in this case at the Company's store in Berkeley, California until the termination of his employment on September 13, 2020.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 11 of the Complaint regarding where Mr. Michno currently resides, and, on that basis, denies those allegations.

12.      Defendant admits the allegations set forth in Paragraph 12 of the Complaint.

**JURISDICTION AND VENUE**

13.      The allegations in Paragraph 13 of the Complaint constitute legal conclusions to which no response is required.

4

14.     Defendant admits that a substantial part of the events giving rise to Ms. Kinzer's claim took place in Massachusetts.  The allegations in Paragraph 14 of the Complaint related to proper venue constitute legal conclusion to which no response is required.  Defendant denies the remaining allegations set forth in Paragraph 14 of the Complaint

## STATEMENT OF FACTS

15.     Defendant admits that, due to the onset of the global coronavirus pandemic, some grocery store workers and other workers in the United States are required to wear face masks at work.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 15 of the Complaint, and, on that basis, denies those allegations.

16.     Defendant admits that, following the death of George Floyd in May 2020 and related demonstrations and/or protests, certain people have been showing their support for the Black Lives Matter movement.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 16 of the Complaint, and, on that basis, denies those allegations.

17.     Defendant admits that, in 2020, some Whole Foods employees at certain of its stores in the United States began wearing face masks and other apparel and/or accessories with the message "Black Lives Matter."  Defendant denies the remaining allegations set forth in Paragraph 17 of the Complaint.

18.     Defendant admits that, in 2020, some employees at certain Whole Foods stores in the United States began wearing face masks and other apparel and/or accessories with the message "Black Lives Matter."  Defendant lacks knowledge or information sufficient to form a belief as to

the truth or accuracy of the remaining allegations in Paragraph 18 of the Complaint, and, on that basis, denies those allegations.

19.     Defendant admits that Whole Foods has expressed support for inclusivity and equality.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 19 of the Complaint regarding what "employees expected," and, on that basis, denies those allegations.  Defendant denies the remaining allegations set forth in Paragraph 19 of the Complaint.

20.     Defendant admits that, following the death of George Floyd and ensuing protests in the United States, Defendant added a message to its website condemning racism.  The allegations in Paragraph 20 of the Complaint related to content on Whole Foods' website purport to characterize a writing that speaks for itself, and the Court is respectfully referred to that writing for its contents.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 20 of the Complaint, and, on that basis, denies those allegations.

21.     Defendant admits that, following the death of George Floyd and ensuing protests in the United States, Amazon, Whole Foods' parent company, posted messaging on its website related to the Black Lives Matter movement, and that Amazon CEO Jeff Bezos posted related content on his Instagram account.  The allegations in Paragraph 21 of the Complaint related to content on Amazon's website and Mr. Bezos's Instagram account purport to characterize writings that speak for themselves, and the Court is respectfully referred to those writings for their contents.[2]

---

[2]     To the extent a response is needed to Plaintiffs' footnote 2 following Paragraph 21 of the Complaint, the footnote refers to an Instagram account that speaks for itself.  The Court is respectfully referred to that writing for its contents.

22.     Defendant admits that certain employees received attendance "points" when they left work early after refusing to comply with Whole Foods' dress code policy, and that employees with excessive attendance "points" could be subject to termination of their employment. Defendant further admits that some employees were subject to "corrective counseling" if they insisted on wearing a face mask that displayed messaging in violation of Whole Foods' dress code policy.  Defendant denies the remaining allegations set forth in Paragraph 22 of the Complaint.

23.     Defendant admits that employees at Whole Foods' River Street store in Cambridge, Massachusetts, including Ms. Kinzer, left work early after insisting on wearing face masks that displayed messaging in violation of Whole Foods' dress code policy, that those employees received attendance "points," and that employees with excessive attendance "points" could be subject to termination of their employment.  Defendant denies the remaining allegations set forth in Paragraph 23 of the Complaint.[3]

24.     Defendant admits that Whole Foods terminated Ms. Kinzer's employment, and that she was informed that her termination was due to the accumulation of attendance "points," some of which were assessed when she left work early after refusing to comply with Whole Foods' dress code policy.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 24 of the Complaint regarding Ms. Kinzer's role in protests outside the River Street store, and, on that basis, denies those allegations.  Defendant denies the remaining allegations set forth in Paragraph 24 of the Complaint.

25.     Defendant admits that Whole Foods terminated Ms. Kinzer's employment, effective July 21, 2020, based on an accumulation of attendance points that predated the

---

[3]     To the extent a response is needed to Plaintiffs' footnote 3 following Paragraph 23 of the Complaint, the footnote refers to a newspaper article that speaks for itself.  The Court is respectfully referred to that writing for its contents.

termination, and that Ms. Kinzer emailed her store manager for the River Street store on July 18, 2020, attaching copies of administrative complaints directed to the EEOC and NLRB. Defendant denies the remaining allegations set forth in Paragraph 25 of the Complaint.

26.     Defendant admits that Ms. Evans worked at the Company's store in Marlton, New Jersey, that in June and July 2020, Ms. Evans left work after refusing to wear a face mask that complied with Whole Foods' dress code policy, that Whole Foods terminated Ms. Evans' employment on August 1, 2020, and that she joined this case as a named plaintiff on July 31, 2020. Defendant denies the remaining allegations set forth in Paragraph 26 of the Complaint.

27.     Defendant admits that Ms. Evans stated to a Whole Foods manager that a co-worker had made a remark that she believed was racially insensitive a year earlier and remained employed by Whole Foods, but she was not allowed to wear a face mask that violated Whole Foods' dress code policy.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 27 of the Complaint regarding what Ms. Evans "observed," and, on that basis, denies those allegations.  Defendant denies the remaining allegations set forth in Paragraph 27 of the Complaint.

28.     Defendant admits that Ms. Evans met with the store manager of the Marlton, New Jersey store on August 1, 2020 and provided a copy of the first amended complaint in this matter. Defendant denies the remaining allegations set forth in Paragraph 28 of the Complaint.

29.     Defendant admits that Mr. Michno worked for Whole Foods at its store in Berkeley, California, and that the Company terminated his employment on September 13, 2020.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 29 of the Complaint regarding when Mr. Michno began wearing a face

mask with Black Lives Matter messaging, and, on that basis, denies those allegations.  Defendant denies the remaining allegations set forth in Paragraph 29 of the Complaint.

30.     Defendant admits that Whole Foods issued "corrective counseling" to Mr. Michno for violating Whole Foods' dress code policy.  The allegations in Paragraph 30 of the Complaint related to the "corrective counseling" Mr. Michno received purport to characterize a written document that speaks for itself, and, therefore, those allegations are denied.  The Court is respectfully referred to that document for its contents.  Defendant denies the remaining allegations set forth in Paragraph 30 of the Complaint.

31.     Defendant admits that, in July 2020, Mr. Michno and other Whole Foods employees participated in a protest outside the Company's store in Berkeley, California, that certain protestors carried signs, and that some of the protests were referenced in social media posts and news articles.  The allegations in Paragraph 31 of the Complaint related to protest signs purport to characterize written documents that speak for themselves, and, therefore, those allegations are denied.  The Court is respectfully referred to those documents for their contents.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 31 of the Complaint, and, on that basis, denies those allegations.

32.     Defendant admits that on or about September 6, 2020, Mr. Michno wore a face mask with Black Lives Matter messaging to work at Whole Foods.  Defendant further admits that Mr. Michno had a conversation with his Store Team Leader during which he said that he was not proud of working for Whole Foods anymore.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 32 of the Complaint, and, on that basis, denies those allegations.

33.     Defendant admits that Mr. Michno received a final "corrective counseling" for violating Whole Foods' dress code policy on September 9, 2020.  The allegations in Paragraph 33 of the Complaint related to the "corrective counseling" Mr. Michno received purport to characterize a written document that speaks for itself, and, therefore, those allegations are denied. The Court is respectfully referred to that document for its contents.  Defendant denies the remaining allegations set forth in Paragraph 33 of the Complaint.

34.     Defendant admits that, on September 9, 2020, Mr. Michno spoke to a Whole Foods regional human resources manager by phone.  Defendant denies the remaining allegations set forth in Paragraph 34 of the Complaint.

35.     Defendant admits that Whole Foods terminated Mr. Michno's employment on September 13, 2020.  Defendant denies any remaining allegations set forth in Paragraph 35 of the Complaint.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

36.     Defendant admits that Ms. Kinzer and Ms. Evans filed Charges of Discrimination with the EEOC.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 36 of the Complaint regarding whether Mr. Michno filed a Charge of Discrimination with the EEOC.  The remaining allegations set forth in Paragraph 36 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies those allegations.

## COUNT I
## RETALIATION

Defendant denies the allegations in the unnumbered paragraph in Count I of the Complaint.

**JURY DEMAND**

To the extent a response to the allegations set forth in the unnumbered Paragraph following "JURY DEMAND" is required, Defendant admits that Plaintiffs seek a trial by jury, but deny that they are entitled to a jury trial as to some or all of their claims for relief.

To the extent a response to the allegations set forth in the "WHEREFORE" clause following the "JURY DEMAND" is required, Defendant admits that Plaintiffs seek certain relief in this matter but denies that they are entitled to any such relief, including, but not limited to, that which is set forth in subparagraphs 1 to 8.

**<u>AFFIRMATIVE DEFENSES</u>**

Defendant asserts the following defenses without conceding that it bears the burden of proof as to any of the following defenses.  Defendant reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation and its continued investigation:

1.      The claims are barred, in whole or in part, to the extent Plaintiffs failed to exhaust, timely and properly, all necessary administrative, statutory and/or jurisdictional remedies or prerequisites.

2.      Defendant's actions with respect to Plaintiffs were at all times based on legitimate, non-discriminatory and non-retaliatory reasons.

3.      Defendant's actions with respect to Plaintiffs were at all times based on bona fide factors other than protected activity.

4.      Defendant denies that Plaintiffs possessed a good-faith belief that any violation of Title VII had occurred or was imminent.

5.     Defendant denies that any protected activity played a role in the employment decisions related to Plaintiffs, and states that even if one or more persons had harbored a retaliatory motive, the same decisions would have been reached anyway for legitimate and non-retaliatory reasons.

6.     Defendant acted at all times in good faith efforts to comply with Title VII, and at all relevant times acted reasonably, in good faith, and without malice based upon relevant information and facts and circumstances known by Defendant at the time Defendant acted. Defendant is not vicariously liable for punitive damages for any decision of its managerial agents that were contrary to these good efforts.

7.     Plaintiffs are not entitled, on the law or the facts, to any of the damages claimed, including, but not limited to, punitive or penalty damages.

8.     To the extent that Plaintiffs have failed to mitigate their alleged damages, their claims and remedies are diminished or barred.

## **RESERVATION OF RIGHTS**

WHEREFORE, Defendant respectfully requests that judgment be entered in its favor, and that it be awarded costs and such other and further relief as the Court may deem just and proper.

Dated: March 31, 2021        DEFENDANT WHOLE FOODS MARKET, INC.

By counsel,

/s/ *Julie V. Silva Palmer*
Julie V. Silva Palmer, BBO# 676788
julie.palmer@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, Massachusetts 02119
Telephone: (617) 341-7277
Facsimile: (617) 341-7701

Anne Marie Estevez (*pro hac vice*)
annemarie.estevez@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
200 South Biscayne Boulevard, Suite 5300
Miami, Florida 33131
Telephone: (305) 415-3000
Facsimile: (305) 415-3001

Michael L. Banks (*pro hac vice*)
Julia S. Sturniolo (*pro hac vice*)
michael.banks@morganlewis.com
julia.sturniolo@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001

Terry D. Johnson (*pro hac vice*)
terry.johnson@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
502 Carnegie Center
Princeton, New Jersey
Telephone: (609) 919-6600
Facsimile: (609) 919-6701

*Attorneys for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I, Julie V. Silva Palmer, hereby certify that on the March 31, 2021, a true and correct copy of the foregoing was served on all counsel of record via ECF.

/s/ *Julie V. Silva Palmer*_____
Julie V. Silva Palmer