**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SAVANNAH KINZER, HALEY EVANS, and CHRISTOPHER MICHNO,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET, INC.,<br><br>Defendant. | CIVIL ACTION NO. 1:20-cv-11358-ADB |

**PROTECTIVE ORDER**

The parties have agreed to the terms of this Stipulated Protective Order; accordingly it is ORDERED:

1. Scope. All "Discovery Materials," as defined below, which are created or produced in connection with the above-captioned action. "Discovery Materials" shall include transcripts of depositions upon oral examination and exhibits thereto; transcripts of deposition upon written questions and exhibits thereto; answers to interrogatories; documents, data, or other things produced by any party to any other, whether or not pursuant to a formal request; answers to requests for admission; documents or things produced by any non-party to any party, whether or not pursuant to a subpoena; all information contained in any of the foregoing; and all copies, excerpts or summaries of any of the foregoing.

2. Form and Timing of Designation. A party may designate Discovery Materials as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the Discovery Material in a manner that will not interfere with the legibility of the Discovery Material. Discovery Material shall be designated

CONFIDENTIAL or HIGHLY CONFIDENTIAL prior to or at the time of the production or disclosure of the Discovery Materials. The designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL does not mean that the Discovery Materials have any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

a. To the extent that matter stored or recorded in the form of electornic or magnetic media (including information, files, e-mails, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes), the producing party or any other party may designate such material as CONFIDENTIAL or HIGHLY CONFIDENTIAL, as the case may be, by affixing a label on the media or its casing indicating such designation, where not practical, by cover letter referring generally to such matter.

b. The inadvertent or unintentional production to a receiving party or to a third-party by either party of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material that was not so designated at the time of disclosure shall not be deemed a waiver in whole or in part of that party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same related subject matter. If Discovery Material is produced not marked with the appropriate confidentiality designation, but later determined to be CONFIDENTIAL or HIGHLY CONFIDENTIAL, the party shall notify the other party in writing of the "Bates" number (if such numbers have been placed on the document, and if not, otherwise identifying the document with specificity for the other party) of each of the document that contains CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Materials.

3. Discovery Material Which May be Designated CONFIDENTIAL. Any party may designate documents as CONFIDENTIAL but only after review of the Discovery Materials by an attorney who has in good faith determined that the Discovery Materials contain information protected from disclosure by statute or that should be protected from disclosure as proprietary information, confidential personal information, trade secrets, competitively sensititive information, marketing, financial, strategic and/or planning information, customer/client information, and other information that the producting party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G). Information or documents that are available in the public sector may not be designated as CONFIDENTIAL.

4. Discovery Material Which May be Designated AS HIGHLY CONFIDENTIAL. Any party may designate documents as HIGHLY CONFIDENTIAL but only after review of the Discovery Materials by an attorney who has in good faith determined that the Discovery Material contains highly sensitive personal or business information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party (or the designating party's customers/clients).

5. Depositions. Deposition testimony shall be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL only if designated as such. Such designation shall be specific as to the portions to be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL. Depositions, in whole or in part, shall be designated on the record as CONFIDENTIAL or HIGHLY CONFIDENTIAL at the time of the deposition, or, by notifying counsel for all other parties in writing within thirty (30) days after receipt by counsel for the deponent or witness of the transcript of such deposition ("Notice of Designation"). Thereafter, those portions so designated shall be protected as CONFIDENTIAL or HIGHLY CONFIDENTIAL pending objection under the terms of this Order.

The failure to serve a Notice of Designation shall waive the CONFIDENTIAL or HIGHLY CONFIDENTIAL designations that were not made on the record of the deposition, subject to Paragraph 2(b). All transcripts of depositions shall automatically be deemed to be CONFIDENTIAL or HIGHLY CONFIDENTIAL until the end of the thirtieth (30) after their receipt by counsel for the deponent or witness.

6. Protection of Confidential Material.

a. General Protections. Discovery Materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 6.b for any purpose whatsoever other than to prepare for and to conduct discovery, hearings and trial in this action, including any appeal thereof.

b. Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Materials to any third person or entity except as set forth in subparagraphs i-viii. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

i. Counsel. Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action, including both inside and outside counsel;

ii. Parties. The named Plaintiffs Savanah Kinzer, Haley Evans, and Christopher Michno, and any current and/or former employees of Defendant Whole Foods Market, Inc. or any parent, subsidiary, and/or affiliated company

(collectivey, “Whole Foods”), but only to the extent counsel determines that such employee’s assistance is reasonably necessary to the conduct of the litigation;

iii. Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

iv. Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing Discovery Materials, and disclosures shall be made only for so long as is necessary to perform these services;

v. Consultants and Experts. Consultants, investigators, or experts (hereinafter referred to collectively as “experts”) employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

vi. Authors and Recipients. Authors and Recipients of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material;

vii. Deponents and Trial Witnesses. Actual deponents or trial witnesses in this action, and their counsel, to the extent necessary in preparation for, deposition or trial testimony in this action, provided the party disclosing the CONFIDENTIAL Discovery Materials to the deponent or witness shall maintain a written record of each person to whom such materials was or were disclosed to pursuant to this provision, and evidence that the person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound (except execution of this certification is not required for

disclosure of CONFIDENTIAL documents to depositon or trial witnesses who are are officers, agents, or employees of the producing party), and the producing party shall be entitled to review the record of CONFIDENTIAL disclosures upon a showing of a need for such information. A party may show HIGHLY CONFIDENTIAL Discovery Material to a deponent or trial witness when that person has access to that material in the normal course of his or her employment with Whole Foods. In addition, at the request of the receiving party, the producing party shall redact HIGHLY CONFIDENTIAL Discovery Material from specified material such that the redacted copies may be treated as CONFIDENTIAL Discovery Material.

viii. Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

c. Discovery Materials that have been designated HIGHLY CONFIDENTIAL may be disclosed only to outside counsel, their internal support staff, and the individuals identified in paragraphs 6(b)(iii), (b)(iv), (b)(v), (b)(vi), and (b)(vii).

d. Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to the terms of this Order.

e. Copies. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as “copies”) of Discovery Materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under

this Order, or any individual portion of such Discovery Materials, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

7. Filing CONFIDENTIAL and HIGHLY CONFIDENTIAL Discovery Materials With the Court.

a. Filing Party's Confidential Documents. In the event that a party seeks to file, or reference in any filing, Discovery Material that the filing party designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Protective order and the filing party seeks to maintain the confidentiality of such Discovery Material, the filing party must comply with the District of Massachusetts Local Rules for filing the confidential Discovery Material under seal.

b. Non-Filing Party's Confidential Documents. In the event that the filing party seeks to file, or reference in any filing, Discovery Material that the non-filing party designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Protective order, the filing party shall first consult with the non-filing party to determine whether the non-filing party consents to filing the Discovery Material in whole or in part on the public docket. If the parties are unable to reach an agreement, the filing party shall prepare two versions of the filings, a public and a confidential version. The public version shall contain a redaction of references to

CONFIDENTIAL and HIGHLY CONFIDENTIAL documents and shall be filed with the court. The confidential version shall be a full and complete version of the filing, including any exhibits, and shall be filed with the court provisionally under seal indicating that the non-filing party seeks to maintain the confidentiality of the redacted material. The party seeking to maintain the confidential status shall file a motion to seal in accordance with the District of Massachausetts Local Rules within three (3) business days of the filing. Failure to file a timely motion to seal could result in the pleading/exhibit being unsealed by the court without further notice or hearing

8. Challenges by a Party to Designation as Confidential. Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or nonparty (hereafter "party"). The following procedure shall apply to any such challenge.

a. Objection to Confidentiality. Any Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. The objection shall specify the Discovery Material to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. CONFIDENTIAL or HIGHLY CONFIDENTIAL documents to which an objection has been made shall remain CONFIDENTIAL or HIGHLY CONFIDENTIAL until designated otherwise by waiver, agreement or order of the Court.

b. Obligation to Meet and Confer. The objecting party and the party who designated the Discovery Material to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation as to any Discovery

Material subject to the objection, the designating party shall serve on all parties a notice specifying the Discovery Material and the nature of the agreement.

c. Obligation to File Motion. If the parties cannot reach agreement as to any documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, for the purpose of discovery, the designating party shall file with the court within thirty (30) days of the service of the objection a motion to retain the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation. The moving party has the burden to show good cause for the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation. The failure to file the motion waives the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation of documents to which an objection was made.

9. Court Not Bound By Parties' Designation. Nothing in this Order or any action or agreement of a party under this Order limits the court's power to make orders concerning the disclosure of documents produced in discovery, filed with the court, or used during any hearing or at trial.

10. Use of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material at Hearing or Trial. A party who intends to present or anticipates that another party may present at any hearing or at trial CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material or documents or information derived therefrom shall identify the issue, not the information, in a pre-hearing or pretrial memorandum. The court may thereafter make such orders as are necessary to govern the use of such documents or information at a hearing or trial.

11. Obligations on Conclusion of Litigation.

a. Order Remains in Effect. Unless otherwise agreed or ordered, the terms of this Order shall remain in force as an agreement between the parties after dismissal or entry

of final judgment not subject to further appeal. Actions to enforce the terms of the Order after dismissal or entry of final judgment shall be by separate legal action and not by motion for contempt or other relief filed in this action.

b. Return of CONFIDENTIAL and HIGHLY CONFIDENTIAL Discovery Material. Within sixty days after dismissal or entry of final judgment not subject to further appeal, the receiving party shall return to the producing party all Discovery Material treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order, including copies as defined in ¶ 6.d., unless: (1) the Discovery Material has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to Discovery Material bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material.

c. Deletion of Documents Filed under Seal from ECF System. Filings with the court under seal shall remain in the ECF system and not be deleted except by order of the court.

12. Privileged Information/Documents. In the event that a producing party discovers that information or documents which are subject to attorney-client privilege or the work-product doctrine have been inadvertently produced, the producing party shall notify the receiving party within fourteen (14) days of discovery of the error and provide a privilege loge to the receiving party that complies with the Federal Rules of Civil Procedure. The receiving party shall return all copies of the information or documents to the producing party within fourteen (14) days of receipt of such notice. However, within fourteen (14) days of receipt of such notice, if the receiving party wishes to challenge the producing party's assertion of privilege, the receiving party may, with notice to the producing party, provide the Court with one copy of the disputed privilege material for an in camera review together with an explanation as to why the document should not be deemed privilege. The producing party shall then have ten (10) days to make a submission to the Court regarding why the disputed privileged material should be considered privileged. The fact that such privileged documents are produced, inadvertently or otherwise, shall not be construed as a waiver of any applicable attorney-client privilege and/or the work product doctrine. The fact that privileged documents are returnable shall not be construed as an admission by the receiving party that the documents are in fact subject to the attorney-client privilege or work-product doctrine.

13. Order Subject to Modification. This Order shall be subject to modification by the court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed in accordance with the Federal Rules of Civil Procedure and the Local Rules.

14. No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Discovery Material designated

CONFIDENTIAL or HIGHLY CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the court may rule on a specific document or issue.

15. Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered,

___________________________

July 29, 2021

## ATTACHMENT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SAVANNAH KINZER, HALEY EVANS, and CHRISTOPHER MICHNO,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET, INC.,<br><br>Defendant. | CIVIL ACTION NO. 1:20-cv-11358-ADB |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated ______________________________ in the above-captioned case and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Massachusetts in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned case, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern. The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court or for other relief under the protective order agreement.

Date:_____________________ By: ________________________________________