# LICHTEN & LISS-RIORDAN, P.C.

HAROLD L. LICHTEN×
SHANNON LISS-RIORDAN×∆◊
SARAH SCHALMAN-BERGEN■
MATTHEW W. THOMSON×
ADELAIDE H. PAGANO×
_____
THOMAS P. FOWLER×◊
OLENA SAVYTSKA×
ANNE KRAMER×∆
MICHELLE CASSORLA×^☆
ZACHARY RUBIN×◊^♦
ANASTASIA DOHERTY×
TARA BOGHOSIAN×
MATTHEW PATTON×
KRYSTEN CONNON^■
BENJAMIN J. WEBER×□ OF COUNSEL

ATTORNEYS AT LAW

729 BOYLSTON STREET, SUITE 2000
BOSTON, MASSACHUSETTS 02116
_____
TELEPHONE  617-994-5800
FACSIMILE  617-994-5801

WWW.LLRLAW.COM
_____

× ADMITTED IN MASSACHUSETTS
∆ ADMITTED IN CALIFORNIA
◊ ADMITTED IN NEW YORK
■ ADMITTED IN PENNSYLVANIA
^ ADMITTED IN NEW JERSEY
♦ ADMITTED IN CONNECTICUT
☆ ADMITTED IN DISTRICT OF COLUMBIA
□ ADMITTED IN TENNESSEE

December 21, 2021

**VIA ECF**

Hon. Allison D. Burroughs
United States District Judge
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

      RE: <u>Kinzer et al. v. Whole Foods Market, Inc.</u>,
            Civ. A. No. 1:20-cv-11358

Dear Judge Burroughs:

     In the Court's recent discovery order (Dkt. 97), you indicated that Plaintiffs could request an extension of time to produce the documents you ordered to be produced upon a showing of good cause. Dkt. 97. While we intend to produce Mr. Michno's NLRB affidavit by tomorrow (December 22, 2021), as ordered, Plaintiffs respectfully request that the Court defer the requirement that Plaintiffs produce the "group text messages" at issue in the order.[1]

---

[1]     The parties did not file formal motions to compel leading to the discovery order but instead summarized the issues in letter briefing to the Court (Dkts. 92, 95, and 96) and engaged in an informal discovery conference by phone with the Court on November 12, 2021.  At the conference, the Court directed Plaintiffs to provide a privilege log reflecting the group text messages. Dkt. 94.  In a further submission to the Court (after review of the privilege log), Whole Foods indicated that it would continue to confer with Plaintiffs "regarding the group text messages, but if they are unable to provide information sufficient to maintain attorney-privilege, Whole Foods will have to bring the issue before the Court. We look forward to addressing these issues with the Court at a

1

# LICHTEN & LISS-RIORDAN, P.C.

      The Court has ordered Plaintiffs to produce group text messages that Plaintiff Savannah Kinzer exchanged with coworkers related to their concerted activity in protesting Whole Foods' actions in banning the wearing of Black Lives Matter masks and apparel and their opposition to Whole Foods' discipline of employees who defied the ban on the masks.  Plaintiffs assert that these communications are protected under Sec. 7 of the National Labor Relations Act (NLRA), 29 U.S.C. § 157.  Ms. Kinzer has therefore now filed a charge with the National Labor Relations Board, alleging that Whole Foods' request for, and aggressive pursuit of, these communications constitute a violation of Section 8(a)(1) of the NLRA, as it interferes with Ms. Kinzer's and her coworkers' § 7 right to engage in protected concerted activity for mutual aid and protection. See attached Ex. A.

      "The confidentiality interests of employees have long been an overriding concern to the Board." National Telephone Directory Corporation, 319 N.L.R.B. 420, 421 (1995) (holding that the identities of employees who attended union meeting and signed authorization cards was not discoverable on cross-examination regarding events a witness testified about on direct); Adco Metals, 281 NLRB 1300, 1301-02 (1986) (noting that "the importance to employees of maintaining anonymity during organizing campaigns is both obvious and well-recognized").  Federal courts, too, have recognized this concern. See Veritas Health Servs., Inc. v. N.L.R.B., 671 F.3d 1267, 1273-74 (D.C. Cir. 2012) (affirming Board determination that it was reasonable that the ALJ "redacted some documents and limited certain testimony so as to prevent disclosure of the names of registered nurses who had been in contact with the Union.").[2]

---

discovery conference." Dkt. 96.  Thus, Plaintiffs were not under the impression that the issue was squarely before the Court or fully briefed.

      The Parties are also in the process of conferring regarding Whole Foods' asserted privileges and redactions, which Plaintiffs previously raised at the November 12, 2021, conference; Plaintiffs requested additional information from Whole Foods to evaluate the privilege log, in the hopes of narrowing the number of documents to submit to Your Honor for *in camera* review and anticipate that the parties will finish conferring shortly.  Plaintiffs anticipate that they may need to file a formal motion to compel Whole Foods to produce documents that it is withholding based on alleged privilege.

[2]    Plaintiffs submit that cases cited in Whole Foods' letter (Dkt. 96 at 4) and those cited in the Court's order (Dkt. 97) are distinguishable because these cases address the "labor relations privilege", which refers to whether internal union communications or communications between a union representative and employees are protected by privilege.  This inquiry does not implicate the anonymity and privacy concerns that have arisen here, where Whole Foods seeks *coworker* communications related to concerted activity regarding their rights and conditions in the workplace.

2

# LICHTEN & LISS-RIORDAN, P.C.

Here, production of the group text messages will destroy worker anonymity for those participants in the communication, and disclosing these messages will chill participation in concerted activity. See Nat'l Tel. Directory Corp., 319 NLRB 420, 421 & n. 6 (1995) (holding that an employer could not seek the names of employees who signed authorization cards or attended union meetings because of "the potential chilling effect on union activity that could result from employer knowledge of the information."; "The primary chilling factor is the fear that the employee's identity will be disclosed to the employer.").

---

For example, in Degrandis v. Child.'s Hosp. Bos., 203 F. Supp. 3d 193 (D. Mass. 2016), the defendant sought production of communications between the plaintiff and his union representative, where the plaintiff had previously filed a grievance through his union representative and entered into a Memorandum of Agreement (which set forth work expectations and was centrally relevant to the case). The court there declined to recognize a "labor relations privilege" as shielding these union communications. In contrast here, the communications at issue are between Ms. Kinzer and her *coworkers*, not all of whom have identified themselves to Whole Foods and who would be forced to reveal their identities, and concerted activity efforts, to Whole Foods through this production. Thus, the Section 7 anonymity concerns implicated here were simply not present (or considered) in Degrandis.

Similarly, the court in Chi. Bridge & Iron Co., N.V. v. Fairbanks Joint Crafts Council, AFL-CIO, 2019 WL 2579627 (D. Alaska June 23, 2019), declined to recognize a "labor relations privilege", and ordered production of notes and correspondence from a union related to the collective bargaining process, where the case turned on the terms of an expired CBA. In Int'l Bhd. of Teamsters, Airline Div. v. Frontier Airlines, Inc., 2012 WL 1801979 (D. Colo. May 16, 2012), the court declined to recognize an "internal union" or "labor relations" privilege and ordered production of documents related to labor negotiations and union representation. Finally, in Hernandez v. Off. of the Comm'r of Baseball, 331 F.R.D. 474 (S.D.N.Y. 2019), the court ordered production of communications plaintiff had with his union representative, where defendants sought to ask plaintiff questions related to discussions that he had with the union regarding the discrimination alleged in the case.

The foregoing precedents are distinguishable from Whole Foods' request here, which seeks group communications among co-workers who have not stepped forward to identify themselves as part of this case (or elsewhere) as engaged in concerted activity.

3

# LICHTEN & LISS-RIORDAN, P.C.

Now that this issue has been presented to the NLRB, Plaintiffs respectfully request that the Court defer on requiring that these communications be produced.[3]

Thank you for your consideration.

Sincerely,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan

cc:    All counsel of record (via ECF)

---

[3] Plaintiffs submit that nothing in these communications would affect the viability of Whole Foods' anticipated motion for summary judgment, which it is scheduled to file by January 12, 2022. Clearly this case will raise factual issues for a jury regarding whether the plaintiffs' terminations were due to retaliatory reasons, regardless of what Plaintiff Kinzer communicated with her co-workers in those text messages. Should the Court have any question about that, Plaintiffs suggest that they could submit the documents *in camera* to the Court so that the Court could satisfy itself that these documents would be unlikely to have any impact on the Court's ruling on summary judgment in this case.