UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SAVANNAH KINZER, HALEY EVANS, and CHRISTOPHER MICHNO, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 20-cv-11358-ADB |
| WHOLE FOODS MARKET, INC., | * * * | |
| Defendant. | * * | |

## ORDER

BURROUGHS, D.J.

Plaintiffs have asked the Court to reconsider the portion of its December 17, 2021 Order, [ECF No. 97], that directs Plaintiffs to produce the "group text messages" between Plaintiffs and third parties, and have raised new arguments in support of their request to resist or defer production, [ECF Nos. 100, 103].  Plaintiffs do not contend that there is any privilege that would protect the "group text messages" from discovery, but ask the Court to find that Defendant's request for the text messages violates Sections 7 and 8(a)(1) of the National Labor Relations Act ("NLRA" or the "Act"), and to defer, or deny, the request for discovery on that basis.  [ECF No. 100].  Defendant has opposed this request.  [ECF No. 102].

Together, Sections 7 and 8(a)(1) of the Act provide that it is an unfair labor practice for an employer "to interfere with, restrain, or coerce" employees in their exercise of rights to organize and engage in "concerted activities for the purpose of collective bargaining or other mutual aid or protection[.]"  29 U.S.C. §§ 157, 158(a)(1).  Although the text messages have been described as case "updates" from Plaintiff Kinzer to former co-workers, see [ECF No. 102 at 7–

1

8, 26:23–27:6], Plaintiffs allege that they are "concerted activity" within the meaning of the NLRA, [ECF No. 100 at 2]. And now, only after an unfavorable ruling directing the production of the text messages, [ECF No. 97], Plaintiffs have filed a charge with the National Labor Relations Board (the "Board") asking it to determine whether Defendant's request for the production of the text messages interferes with the employees' "concerted activity" in violation of the Act, [ECF No. 101]. Plaintiffs also ask this Court to delay enforcement of its December 17, 2021 Order, and reserve any further findings, until the Board releases a decision. See [ECF No. 100].

In response, Defendant asserts that (1) Plaintiffs' new charge with the Board, regardless of the outcome, seeks relief unrelated to the rulings of this Court and does not relieve them of their duty to comply with their discovery obligations in this case, and (2) there is no substantive basis for excluding the text messages from discovery.[1] See [ECF No. 102]. Moreover, Defendant contends that it is not interested in any "Section 7 or union-related activity" or seeking the identities of the group text participants, but that the communications are discoverable because they would "likely reveal Ms. Kinzer's impressions of case developments and the validity of Whole Foods' defenses, as well as her potential motives for pursuing her claims," which "could undermine Ms. Kinzer's credibility as a key witness in this case and the weight that should be given to her allegations at trial." [ECF No. 102 at 2–3].

Plaintiffs have cited to a series of cases in which the questioning of an employee regarding union-related activities was prohibited. See National Telephone Directory

---

[1] Defendant also argues that Plaintiffs' purported concerns about protecting worker anonymity are moot because Plaintiff Kinzer has already provided the names of some of the group text participants during her deposition. See [ECF No. 102]. Ms. Kinzer, however, testified that there were 15 participants in the group text, but could only recall six names. [ECF No. 102 at 8, 27:10-20]. This incomplete testimony is insufficient to moot this issue.

Corporation, 319 N.L.R.B. 420 (1995); Adco Metals, 281 N.L.R.B. 1300 (1986); Veritas Health Servs., Inc. v. N.L.R.B., 671 F.3d 1267 (D.C. Cir. 2012); Nat'l Tel. Directory Corp., 319 N.L.R.B. 420 (1995).  Yet, Plaintiffs have provided no authority that supports their argument that the Act's protection is applicable to a discovery dispute in federal court or to any communications regarding an existing lawsuit, and caselaw is sparse. [2]

In a similar case, Aldapa v. Fowler Packing Co. Inc., defendants moved to compel further responses at plaintiffs' depositions regarding the identities of putative class members who met with plaintiffs' counsel.  No. 15-cv-00420, 2016 WL 8738176, at *2 (E.D. Cal. Mar. 18, 2016).  Plaintiffs' counsel had instructed plaintiffs not to answer these questions, citing the NLRA's protection of "concerted activity."[3]  Id. at *7.  There, too, plaintiffs simultaneously filed a collateral unfair labor practice charge against defendants and asked the court to defer its ruling on the discovery dispute.  Id.  The court declined do so, rejecting plaintiffs' assertion of privilege and concluding that "[t]his matter is a matter before the district court, and not the [Board] . . . . Therefore, the Court has the ability to regulate the discovery before it and it is not required, nor was authority provided, which requires a federal court to adhere to decisions by the [Board] . . . in ascertaining privileges for use in federal court actions."  Id. at *7–8; see also Massachusetts State Carpenters Annuity Fund v. Cardarelli Const. Co., 106 F.R.D. 250, 252 (D. Mass. 1985)

---

[2] Plaintiffs' request for this Court to determine whether an employer's conduct constitutes an unfair labor charge under the Act in the midst of civil discovery is atypical.  Generally, this type of request does not originate in federal court, but instead comes to the appellate courts from the Board.  Massachusetts State Carpenters Annuity Fund v. Cardarelli Const. Co., 106 F.R.D. 250, 252 (D. Mass. 1985).

[3] The Defendants in Aldapa cited protection under the Agricultural Labor Relations Act ("ALRA"), which is required to follow precedent under the NLRA.  There is no distinction for the purpose of this analysis.

(discussing application of a separate Board evidentiary rule to discovery in a federal suit and finding that "there is no indication that discovery under the Federal Rules is in any way limited by Board practice"); Solis v. Crescent Drilling & Prod., Inc., No. 19-cv-01194, 2020 WL 8509909, at *3 (W.D. Tex. Dec. 9, 2020) (finding no authority to establish that communications with other employees related to the federal litigation were privileged from discovery even if they could qualify as protected, concerted activity); Lapointe v. Target Corp., No. 16-cv-00216, 2017 WL 1397317, at *8–9 (N.D.N.Y. Mar. 6, 2017) (directing plaintiffs to disclose communications with putative class members regarding a potential lawsuit against defendant employer because no case law supported such "a broad expansion" of the NLRA's privileges so as shield conversations between plaintiff and putative class members regarding potential litigation against a present or former employer); Degrandis v. Children's Hosp. Bos., 203 F. Supp. 3d 193, 196–99 (D. Mass. 2016) (declining to establish a labor relations privilege that plaintiffs asserted stemmed from Section 8 of the NLRA and stating that administrative decisions of the Board cannot be cited as authority for creating a new privilege in federal court).

The scope of discovery under the Federal Rules is broad, see Fed.R.Civ.P. 26(b)(1), and Defendant's inquiry into Plaintiff Kinzer's credibility is relevant and reasonably calculated to lead to the discovery of admissible evidence, Cabana v. Forcier, 200 F.R.D. 9, 17 (D. Mass. 2001). Plaintiffs' mere assertion that messages that provide case "updates" somehow equate to "concerted activity efforts," without further evidence, is insufficient to warrant any protection given Defendant's reasonable interest. Any speculation from Plaintiff Kinzer as to why participants to the texts may not want their names disclosed is inapposite.[4]

---

[4] Plaintiff suggests that counsel instructed Plaintiff Kinzer not to answer questions about the content of these text messages at her deposition so as to protect the confidentiality interests of

Accordingly, for the reasons set forth above, Plaintiffs' request, [ECF No. 100], is DENIED and Plaintiffs are hereby ordered to produce the text messages by January 21, 2022.

**SO ORDERED.**

January 12, 2022                                           /s/ Allison D. Burroughs
                                                           ALLISON D. BURROUGHS
                                                           U.S. DISTRICT JUDGE

---

other employees when, in fact, counsel instructed her not to answer based on an assertion of attorney-client privilege, see [ECF No. 103-1 at 8, 31:9-17], an argument that Plaintiffs raised in their first letter to the Court, but have since abandoned, see [ECF No. 95 at 3].