UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SAVANNAH KINZER, HALEY EVANS, and CHRISTOPHER MICHNO, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 20-cv-11358-ADB |
| WHOLE FOODS MARKET, INC., | * * * | |
| Defendant. | * * | |

**ORDER**

BURROUGHS, D.J.

Whole Foods Market, Inc. ("Defendant") has resisted production of certain documents requested by Savannah Kinzer, Haley Evans, and Christopher Michno ("Plaintiffs"), asserting the protection of the attorney-client privilege. See [ECF No. 86 at 3–4 (Plaintiffs' requests); ECF No. 105 (Defendant's response)]. The Court has reviewed the documents, *in camera*, see [ECF No. 105-1 ¶ 3 (Exhibits A–E)], and directs discovery as follows.

First, Defendant is ORDERED to produce Exhibits A, B, and C in full. Defendant has not satisfied its burden of showing that these communications, chiefly exchanged between public relations personnel, were communicated for the purpose of securing legal advice. See United States v. Ahmed, No. 05-cr-10057, 2006 WL 3210037, at *6 (D. Mass. Aug. 3, 2006). Despite copying in-house counsel on these emails, "[t]here is little if anything in these documents that evidences an attorney presenting issues and analyzing claims with an eye toward applicable law." City of Springfield v. Rexnord Corp., 196 F.R.D. 7, 10 (D. Mass. 2000).

Second, the Court finds the remaining documents, Exhibits D and E, are protected by the attorney-client privilege, and thus, need not be produced in unredacted form. These documents were either prepared by legal counsel to offer legal guidance to employees or prepared at the direction of legal counsel to assess potential legal risk and provide advice accordingly. See [ECF No. 105 at 3–4; ECF No. 105-1 ¶¶ 8–10 (declaration from in-house counsel stating that he "helped draft and provided advice on [the redacted portion of Exhibit D] given the likelihood of employment-related litigation" and that he and other in-house counsel requested the creation of the redacted attachment to Exhibit E "so that [they] could review and provide legal advice . . . .")]. Distribution of Exhibit D to a certain number of employees does not waive the privilege, particularly when the document was labeled "Confidential-Privileged" and those employees were directed not to "post, print, or distribute this document to others outside of this group." [ECF No. 105 at 3; ECF No. 105-1 ¶ 8]; see also RFF Fam. P'ship, LP v. Burns & Levinson, LLP, 991 N.E.2d 1066, 1071 (Mass. 2013) ("[C]onfidential communications between the in-house counsel and the corporation's employees that are intended to help counsel to provide the corporation with sound legal advice are protected by the attorney-client privilege."); In re Prograf Antitrust Litig., No. 11-md-02242, 2013 WL 1868227, at *2 (D. Mass. May 3, 2013) (holding that where communications from counsel to employees are protected, "[t]here is no presumption that the privilege . . . is waived merely as a result of the number of people involved in a communication.").

Finally, Plaintiffs have also asked the Court to compel deposition testimony from Defendant's witnesses, Barbara Smith, Vice President for Team Member Services, and Christina Minardi, Executive Vice President of Operations, regarding conversations they participated in over the phone around the time of each Plaintiff's termination, during which executives reviewed

and approved Plaintiffs' terminations. [ECF No. 104]. Defendant claims that the calls are protected by the attorney-client privilege because in-house counsel attended these calls "to assess legal risk associated with Plaintiffs' discipline" in accordance with company policy and to "evaluate the heightened legal risk associated with pending and potential claims" by Plaintiffs Evans and Michno. [ECF No. 112 at 4–5]. Plaintiffs, in turn, assert that counsel was performing "primarily a Human Resources or business function." [ECF No. 104 at 4]. The record before the Court is distinguishable from the cases cited by Plaintiff. See [id. at 4–5]. Here, Defendant has offered an affidavit from counsel in which he asserts that his only role on the calls was to advise on the potential legal risks of store-level discipline and termination, especially in light of existing legal and administrative complaints. [ECF No. 112 at 1, 5–6; ECF No. 112-2, Exh. H ¶¶ 4–8]. As such, the calls are privileged.

      The issue of waiver is a closer call. Plaintiffs assert that any privilege over these calls was waived when witness Rick Bonin, who did not recall that in-house counsel was on the calls, testified about them at his deposition. See [ECF No. 104 at 6; ECF No. 104-2]. Upon first learning at Smith's deposition, nearly three months after Bonin's testimony, that in-house counsel had participated in these calls, Defendant's counsel directed Smith not to answer, asserted the attorney-client privilege, and has maintained objections to questions about those calls ever since. [ECF No. 112 at 7]. Although typically applied in the context of privileged documents, the analysis of whether inadvertent disclosures amount to waiver focuses on the measures the holder of the privilege took to prevent and "promptly" remedy disclosure. See Fed. R. Evid. 502(b). Courts in this district will also consider the scope and extent of disclosure and overall fairness. Santiago v. Lafferty, No. 13-cv-12172, 2015 WL 717945, at *6 (D. Mass. Feb. 19, 2015). Though these factors do not apply neatly to the type of disclosure addressed here,

3

considering the amount of time that passed after disclosure but before Defendant invoked the privilege and the overriding interest of fairness, the Court finds that the limited information disclosed by Bonin (brief, though substantive) is no longer protected by the privilege.

That being said, his partial and unwitting disclosure did not reveal, or even reference, any legal advice given on the call.  See [ECF No. 104-2].  As such, the privilege has been waived only as to the information already disclosed by Bonin at his deposition.  To the extent any legal advice was given or solicited on the call, it remains privileged.[1]  See Trs. of Bos. Univ. v. Everlight Elecs. Co., No. 12-cv-11935, 2015 WL 3407555, at *5–6 (D. Mass. May 27, 2015).

**SO ORDERED.**

February 7, 2022                                                    /s/ Allison D. Burroughs
                                                                    ALLISON D. BURROUGHS
                                                                    U.S. DISTRICT JUDGE

---

[1] Whether the scope of the waiver is analyzed based on fairness concerns, see In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d 16, 24 (1st Cir. 2003), or pursuant to Rule 502(a) of the Federal Rules of Evidence, the outcome here would be the same. Rule 502(a) provides that a waiver resulting from a disclosure of protected information in a federal proceeding does not extend to undisclosed protected material unless: "(1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together." Fed. R. Evid. 502(a).

Further, the brief reference to the call regarding Plaintiff Kinzer's termination in Minardi's declaration to this Court, which was even more limited than Bonin's testimony, would not amount to any further waiver.  See [ECF No. 104 at 3–4].